Norman A. GARRISON, Jr., Guardian of Lila Annjonette Garrison, Norman Asa Garrison, III, and Candice Michelle Garrison, Estate No. 18,232 of the Chancery Court of Alcorn County, Mississippi, Appellant,

v.

Don S. JONES, Administrator of the Estate of Lee Ann Garrison, Estate No. 11,912 of the Probate Court of Dunklin County, Missouri, Respondent.

No. 60169.

Supreme Court of Missouri, en banc.

Nov. 14, 1977.

John W. Reid, II, Fredericktown, for appellant.

Robert H. Jones, Kennett, for respondent.

BARDGETT, Judge.

The Missouri court of appeals, Springfield district, filed an opinion affirming the circuit court order which dismissed plaintiff-appellant's suit with prejudice. Thereafter this court sustained appellant's motion to transfer.

In October 1974 the plaintiff filed a petition in the circuit court of Pemiscot county entitled, "Petition for registration of foreign guardianship; action to permit non-resident guardian to remove the property of the non-resident wards to the state of residence of the guardian and wards; and to manage the real estate of the non-resident wards located in the State of Missouri". In December 1974 defendant-respondent filed a motion to dismiss plaintiff's petition asserting eleven grounds, one of which was that the exclusive jurisdiction of the action was in the probate court of Dunklin county and, therefore, the circuit court lacked jurisdiction. The court held a hearing and received evidence on defendant's motion to dismiss plaintiff's petition beginning March 10, 1975, which was then taken under advisement. No answer was ever filed by defendant. On March 24, 1975, plaintiff filed "Motion by Plaintiff to Dismiss", as follows:

"The Plaintiff has filed his petition in the above-entitled cause against the Defendant who has filed a motion to dismiss wherein it is alleged that jurisdiction lies in the Probate Court.

"WHEREFORE, plaintiff moves that his Petition may stand dismissed without prejudice to the bringing of another action concerning any of the matters involved therein, with costs to be taxed against Plaintiff."

Then, on March 28, 1975, the defendant filed, "Defendant's withdrawal and abandonment of paragraph 2 of Defendant's motion to dismiss", as follows:

"Comes now Defendant, Don S. Jones, and hereby abandons and withdraws paragraph 2 of Defendant's Motion to Dismiss, said abandoned paragraph being as follows:

" '2. Defendant is under the exclusive jurisdiction of the Probate Court of Dunklin County, Missouri, and this Court does not have concurrent jurisdiction with the Probate Court of Dunklin County in the matter set forth in said petition; therefore, this Court has no jurisdiction over the subject matter or the Defendant.' "

"Defendant in all other respects hereby re-alleges and re-affirms the other grounds alleged in said Motion to Dismiss."

On April 15, 1975, the court entered the following order:

"Plaintiff's Motion for an order allowing the Plaintiff to dismiss this action without prejudice being duly submitted to the Court

by the attorneys for Plaintiff and the attorneys for Defendant and the Court being fully advised in the premises overrules and denies Plaintiff's Motion as said Motion was not timely filed and such dismissal would be prejudicial to Defendant.

"Plaintiff's Motion for an order allowing the Plaintiff to add party being duly submitted to the Court by the attorneys for Plaintiff and the attorneys for Defendant and the Court being fully advised in the premises overrules and denies Plaintiff's Motion to add party.

"Defendant's Motion to Dismiss Plaintiff's Petition and each and every count thereof having been heretofore submitted to the Court, evidence adduced and said cause having been taken under advisement and the Court having seen and heard the pleadings, evidence adduced and being fully advised in the premises does herein and hereby sustain Defendant's Motion to dismiss Plaintiff's Petition and all counts thereof and does hereby consider, order and adjudge that the Plaintiff's Petition and each and every count thereof shall be and is hereby dismissed with prejudice to the Plaintiff and at the cost of Plaintiff."

Plaintiff appeals from the order dismissing the petition with prejudice contending (1) the trial court erred in denying plaintiff's request for dismissal without prejudice and sustaining defendant's motion to dismiss with prejudice because Rule 67.01 permits a plaintiff in a civil action to dismiss his petition without prejudice without a court order anytime before the introduction of evidence, and (2) the trial court erred in denying plaintiff's request for dismissal without prejudice and sustaining defendant's motion to dismiss with prejudice because the trial court did not have jurisdiction of the subject matter.

Rule 67.01, as amended effective September 1, 1973, provides: "A civil action may be dismissed by the plaintiff without prejudice without order of court any time prior to the introduction of evidence. After the introduction of evidence is commenced, a plaintiff may dismiss his action without prejudice only by leave of court or by written consent of the adverse party. Leave of court shall be freely granted when justice so requires. A party who has once so dismissed a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only (1) upon filing a stipulation to that effect signed by the opposing party; or (2) on order of the court made on motion in which the ground for said dismissal shall be set forth."

■ The amended rule changed the time during which a plaintiff could dismiss his petition without prejudice as a matter of right from the final submission stage forward to any time prior to the introduction of evidence. The stage of the proceedings described in Rule 67.01 as "prior to the introduction of evidence" refers to the introduction of evidence at the trial of the cause on the merits. It does not refer to hearings on pretrial motions or the introduction of evidence with respect to such motions. The hearing at which evidence was introduced in the instant case was a hearing on the pretrial motion of defendant to dismiss plaintiff's petition. Defendant had not filed an answer and, therefore, the case was not even at issue and that was the stage of the proceedings when plaintiff filed the motion to dismiss without prejudice set forth supra.

The function and purpose of the second paragraph of plaintiff's motion to dismiss was to effect the dismissal of the petition without prejudice which plaintiff had the right to do without consent of the court or defendant pursuant to Rule 67.01. The recitation in the first paragraph of plaintiff's motion of one of the grounds asserted in defendant's motion to dismiss was superfluous. The dismissal by plaintiff prior to the introduction of evidence does not require a court order to be effective. However, it may be that the circuit court would enter such an order as an administrative act in connection with any appropriate orders with respect to assessment of costs.

■ Plaintiff-appellant had the right to dismiss the petition without prejudice at

the time such was done in this case. That dismissal rendered the subsequent order of the circuit court, which overruled plaintiff's motion to dismiss without prejudice and sustained defendant's motion to dismiss with prejudice, a nullity.

The order of the circuit court overruling plaintiff's motion to dismiss without prejudice and sustaining defendant's motion to dismiss and dismissing plaintiff's petition with prejudice is reversed and the cause is remanded with directions to the circuit court to make the appropriate entry in the circuit court file in this case showing the cause to be dismissed by plaintiff without prejudice at plaintiff's costs.

MORGAN, C. J., and FINCH, RENDLEN and SEILER, JJ., concur.

HENLEY, J., concurs in result.

DONNELLY, J., dissents in separate dissenting opinion filed.

DONNELLY, Judge, dissenting.

I adopt that portion of Judge Flanigan's opinion in the Srpingfield District of the Court of Appeals which reads as follows:

"For his second point plaintiff claims that the trial court's order of April 15 was erroneous 'because Rule 67.01 permits a plaintiff in a civil action to dismiss his action without prejudice without a court order any time before the introduction of evidence.' Plaintiff's second point lacks merit for the reason that he did not avail himself of Rule 67.01. The peculiar document which he filed on March 24 did not purport to be a dismissal, and plaintiff makes no claim that it was a dismissal. It was a motion for an order of dismissal based on the anomalous ground that the defendant had filed a motion *claiming* that the court lacked subject matter jurisdiction.

"The trial court cannot be convicted of error in overruling such a motion. The ground contained in the motion was an insufficient one. The duty of the court to dismiss for lack of jurisdiction over the subject matter springs only from that lack and not from the fact that defendant's mo-

tion asserted the existence of such lack. Moreover, if plaintiff, before the introduction of evidence, desired a dismissal, he could have accomplished his purpose without court order and the court should not be convicted of error for overruling a motion which stated no valid ground and was totally unnecessary. If the court lacked subject matter jurisdiction (whether or not defendant's motion so claimed) the court was under a duty to dismiss."

I respectfully dissent.