**STATE ex rel. Doris RICHARDSON, Relator,**

**v.**

**Hon. Alvin RANDALL, Judge, Jackson County Circuit Court, Respondent.**

**No. 65061.**

Supreme Court of Missouri, En Banc.

Nov. 22, 1983.

Rehearing Denied Dec. 20, 1983.

James R. Wyrsch, Mary Beth Gardner, Kansas City, for relator.

Robert Frager, Asst. Pros. Atty., Albert A. Riederer, Pros. Atty., Kansas City, for respondent.

GUNN, Judge.

Relator seeks a writ of prohibition to prevent having to disclose the name of a handwriting expert retained by her or her counsel for her defense against forgery charges. The respondent trial court ordered disclosure of the expert's name and address. Relator's efforts for relief have brought her to this Court which has issued a preliminary rule in prohibition.

The issue is whether a criminal defendant must divulge the name and address of an expert with whom she has consulted but does not intend to use at trial. Lying in the heart of this case is Rule 25.06(A) and the reasonableness of the state's request to disclose.

We make our preliminary rule in prohibition absolute.

Relator is the critical subject of forgery charges pending in respondent's trial court in Jackson County in a case styled "State of Missouri v. Richardson." For the purpose of this proceeding, the state has complied with the provisions of Rule 25.03 on relator's request for disclosure of material and information designated, including the names of handwriting and fingerprint experts to be called by the state and checks and money orders presumably pertinent to the prosecution.

The state has sought reciprocal treatment by asking relator to disclose the name of any expert employed for her defense to review any documents alleged to be forged. Relator has refused to provide the name of her expert or state whether there has been a review of the alleged forged documents.

Pursuant to Rule 25.06 the state has filed a motion with the respondent trial court seeking an order to compel the relator to disclose the name of any expert retained by her and the results of any tests or comparisons made. Relator's response is that she does not intend to call any expert on her behalf and that all discovery obtained by her purported expert was privileged and non-discoverable, referring to Rule 25.05.

The respondent trial judge has indicated his intention to sustain the motion to compel disclosure, and after failing to obtain relief in the Western District of the Court of Appeals, relator has brought the matter to this Court.

Relator's dilemma is manifest. She or her counsel, or both, have apparently consulted a handwriting expert. The results of that consultation have not been disclosed, but relator has announced that she does not intend to call any expert on her behalf. The state does not attribute any bad faith to her in this regard and accepts the fact that she will not call the expert to testify in her behalf.[1] But if relator is required to reveal the name of the handwriting expert with whom she has consulted—and realistically assuming that the expert's findings are unfavorable to her—it would be devastating to her case for the state to reach out and use that expert against her. The relator would with her own efforts provide the state with the evidence to demolish her.

Relator refers to Rule 25.05(A)(1) which requires a defendant on written request by

1. To demonstrate her good faith, the relator has placed *in camera* with this Court the name of the expert with whom she has consulted.

the state to disclose reports or statements of experts which defendant intends to introduce into evidence. She asserts in good faith that she does not intend to call upon any expert as her witness. Hence, her contention is—and correctly so—that Rule 25.05(A)(1) does not require her to disclose the name of the anonymous expert. His or her name would therefore be forever unknown except as serendipitiously stumbled upon by the state in its own investigation. The state counters that upon written notice Rule 25.06(A) allows the trial court to order disclosure of material not covered by Rule 25.05 if the request is reasonable. Rule 25.06(A) would therefore presumably provide for disclosure of experts found by defendant though not intended to be called.

Under the particular and narrow circumstances of this case, we find that the request for disclosure of relator's unknown expert to be unreasonable, and as a consequence, the preliminary rule in prohibition should be made absolute.

This Court has denounced promiscuous and expansive use and abuse of prohibition to allow review of trial court error, particularly in circumstances other than those concerning the question of trial court jurisdiction. *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889 (Mo. banc 1983); *State ex rel. Hannah v. Seier,* 654 S.W.2d 894 (Mo. banc 1983). But from time to time in peculiarly limited situations there are instances in which absolute irreparable harm may come to a litigant if some spirit of justifiable relief is not made available to respond to a trial court's order. In such circumstances, the extemporaneous character of prohibition may be the remedy to be applied. *See, e.g., State ex rel. Ken Reynolds Pharmacies, Inc. v. Pyle,* 564 S.W.2d 870 (Mo. banc 1978).

This case fits into that phenomenal and exigent instance in which the trial court's ruling would result in irreparable harm to relator, and she faces the plight of being without other relief. Once the state has the handy bit of information regarding the anonymous expert, it always has it and may consult with him to the detriment of the relator. No adequate remedy exists by trial or appeal. Prohibition, therefore, affords an immediate and adequate remedy for her in this anomalous situation. It is a valuable and necessary device here.[2]

Refusal to require disclosure of relator's unknown expert is not deleterious to the state's case. It is not as if other handwriting experts are not available to the state. The prosecutor acknowledges that he proposes to call on at least one handwriting expert and can reach as many more as he wants. But, apparently, the state wants the *coup de grace*—that clinching piece of evidence to make its case. The state's efforts in this regard are without sinister motive and represent good prosecutorial effort. But it does not appear reasonable in this particular instance to give the state the advantage of relator's personal investigation to cinch its case. After all, in a civil case a litigant is not required to reveal the name of experts it does not intend to call. Rule 56.01(b)(4).

The state on behalf of the respondent trial judge, asserts *State v. Carter,* 641 S.W.2d 54 (Mo. banc 1982), *cert. denied,* ––– U.S. –––, 103 S.Ct. 2096, 77 L.Ed.2d 305 (1983), for the proposition that whoever pleads insanity waives all privileges, including the work-product doctrine and attorney-client privilege. The prosecutor argues—and reasonably so—that when a defendant raises the mental disease or defect defense and is examined by a personal psychiatrist, the results of the examination are no longer privileged but are open to scrutiny. The prosecutor equates the *Carter* and mental disease or defect defense to the situation confronting the respondent in this case. But the two cases are not congruent; *Carter* is readily distinguishable. It is by reason of the Chapter 552 statutory provisions that a defendant must disclose the results of his psychiatrist's examination. It is also evident, even under *Carter,* that no disclo-

2. Note, *The Writ of Prohibition in Missouri,* 1972 Wash.U.L.Q. 511, provides a fine treatment on the use of prohibition for relief in which appeal or other actions are not available or are inadequate.

sure is required, and information of a defendant's psychiatrist's examination may not be used to a defendant's disadvantage unless the claim of mental disease and defect is presented to the jury:

> It is well settled that when a party once places the question of his mental condition in issue he thereby waives the *physician-patient* privilege to exclude testimony of any doctors who have examined him for that purpose.

*Id.* at 57.

The *Carter* situation and its statutory directives are not present in this case, and in balancing the respective interests of the state and relator regarding disclosure or non-disclosure, the scales are weighed heavily in relator's favor.

This case need not be disposed of on the traditional attorney-client privilege or work product issues. *See State v. Carter,* 641 S.W.2d 54, *supra,* and *State v. Hardin,* 558 S.W.2d 804 (Mo.App.1977), for full treatment of these two issues.

The preliminary rule of prohibition is made absolute.

RENDLEN, C.J., WELLIVER, HIGGINS, BLACKMAR, DONNELLY, JJ., and TURNAGE, Special Judge, concur.

BILLINGS, J., not sitting.