**STATE ex rel. FAITH HOSPITAL, Relator,**

v.

**Honorable Richard T. ENRIGHT, Judge, Circuit Court, St. Louis County, Respondent.**

**No. 67657.**

Supreme Court of Missouri, En Banc.

March 25, 1986.

Kemper R. Coffelt, Clayton, for relator.

David A. Sosne, St. Louis, for respondent.

ROBERTSON, Judge.

This is an original action in prohibition. Relator, Faith Hospital, seeks to prohibit Judge Richard Enright of the Circuit Court of St. Louis County from allowing plaintiffs to discover peer review committee documents, credentials committee documents and incident reports relating to the physician defendants in an underlying medical malpractice action. We issued our preliminary rule in prohibition for the limited purpose of determining the applicability of the exemption from discovery granted peer review committees, § 537.035.4, RSMo Supp. 1985, to plaintiffs' discovery requests. We hold that the proceedings, findings, deliberations, reports and minutes of the relator's peer review committees concerning the health care provided plaintiffs or any other patient are not subject to discovery by plaintiffs. With regard to such peer review documents and information, the preliminary rule is made absolute. As to documents and information regarding the deliberations and findings of relator's credentials committee which do not concern the health care provided any patient, and as to the incident reports sought by plaintiffs, the preliminary rule is quashed.

## I.

The underlying action is one alleging medical malpractice on the part of three physicians and negligence on the part of

relator for, among other things, granting staff privileges to the physician defendants. Plaintiffs in the underlying action filed three discovery requests: (1) a Request for Production of Documents-Second Set (filed May 2, 1985) seeking incident reports relating to medical services performed by the defendant physicians; (2) a Request for Production of Documents-Third Set (filed May 15, 1985), which requests, among other things, documents relating to the staff privileges of one of the defendant-physicians; performance evaluations of, and disciplinary actions taken against that defendant; peer review proceedings involving that physician from 1980 until the date of the relevant surgery; peer review committee findings concerning the surgery in which the alleged malpractice took place, and credentials committee documents designating the two named defendant-physicians as qualified to assist in surgery; and (3) Interrogatories-Second Set (filed May 15, 1985) making inquiry into the findings and workings of relator's credentials committee in granting staff privileges to two of the defendant-physicians.

Relator objected to plaintiffs' discovery requests. The trial court overruled the objections on July 10, 1985. Relator subsequently filed a Motion for Reconsideration on August 7, 1985, restating its objections and invoking House Bill 357 (83rd General Assembly, First Regular Session, effective September 28, 1985) (§ 537.035, RSMo Supp.1985). The trial court overruled the Motion for Reconsideration on September 27, 1985, and entered a protective order as follows: "Documents to be produced only to Counsel and their experts—and are not to be disclosed to litigants or the public."

## II.

*In State ex rel. Chandra v. Sprinkle,* 678 S.W.2d 804 (Mo. banc 1984), this Court determined that "no peer review privilege exists under Missouri law for factual statements." *Id.* at 808. Following *Chandra,* the General Assembly amended § 537.035, in pertinent part as follows:

4. Except as otherwise provided in this section, the proceedings, findings, deliberations, reports, and minutes of peer review committees concerning the health care provided any patient are privileged and shall not be subject to discovery, subpoena, or other means of legal compulsion for their release to any person or entity or be admissible into evidence in any judicial or administrative action for failure to provide appropriate care. . . .

Relator argues that § 537.035 is applicable to plaintiffs' discovery request and must be read broadly to include hospital credentials committee documents and proceedings. Respondent counters, urging that § 537.035 is not applicable to these discovery requests because it was not effective until September 28, 1985, one day after the trial court overruled relator's objections. Therefore, respondent argues, *Chandra* controls. Respondent further contends that even if § 537.035.4 is applicable to peer review proceedings, credentials committee documents are not within the immunity from discovery provided by the statute.

## III.

■ Our first inquiry is whether § 537.035.4 is to be given retroactive application. A statute which deals with procedure only is applicable to all pending cases—that is, those cases not yet reduced to a final, unappealable judgment. *City of Branson v. Biedenstein,* 618 S.W.2d 665, 670 (Mo. banc 1981); *Anson v. Tietze,* 354 Mo. 552, 190 S.W.2d 193, 198 (Mo.1945). Statutes affecting the competency or discoverability of evidence are procedural in this sense. *Danaher v. Smith,* 666 S.W.2d 452 (Mo.App.1984); *compare State v. Shafer,* 609 S.W.2d 153, 157 (Mo. banc 1980) (comparable judicial decisions are procedural). Section 537.035.4 affects the discoverability of evidence and is therefore applicable to plaintiffs' discovery requests in the present case.

## IV.

█ Plaintiffs request that relator produce peer review committee reports relating to the performance of one of the defendant physicians, not only for the surgery in which the alleged malpractice was committed, but also with respect to *other* patients from 1980 until the date of the complained of surgery. Plaintiffs' request seeks peer review committee reports "concerning the health care provided any patient." § 537.035.4. The information plaintiffs desire falls squarely within the exemption from discovery created by the General Assembly in § 537.035.4. The trial court is without authority to permit the discovery of that information sought by plaintiffs in their Request for Production of Documents—Third Set, ¶¶ 4 and 5.

## V.

█ Relator seeks to extend the peer review exemption to the deliberations and findings of its credentials committee. Section 537.035.1(2) defines a "peer review committee" as "a committee of health care professionals with the responsibility to evaluate, maintain, or monitor the quality and utilization of health care services or to exercise any combination of such responsibilities." A credentials committee is generally composed of hospital medical staff members and is

> normally endowed with the power and the responsibility of reviewing, through procedures which are designed to give a fair and objective evaluation of each physician under study, the credentials of medical staff applicants; (2) making recommendations for membership; and (3) defining the scope of clinical privileges accorded both old and new staff members. The credentials committee also typically reports to the executive committee with regard to each applicant, makes periodic reviews of the competence of staff members, investigates reports of violations of ethics, and reviews reports referred to it by other committees.

Hall, Hospital Committee Proceedings and Reports: Their Legal Status, 1 Am.J.L. and Med. 245, 248–9 (1975). *See also* Joint Commission on Accreditation of Hospitals, Guidelines for the Formulation of Medical Staff Bylaws, Rules, and Regulations 34, 38 (1971). A credentials committee is therefore a "peer review committee" under § 537.035.1(2). *See* Flanagan, Rejecting a General Privilege for Self-Critical Analyses, 51 Geo.Wash.L.Rev. 551, 560–561 (1983) and Comment, Medical Peer Review Protection in the Health Care Industry, 52 Temple L.Q. 552, 564 (1979). However, not all functions of credentials committees are exempt from discovery under § 537.035.4. By its own terms, the exemption provided by this section is limited to those findings and deliberations "concerning the health care provided any patient." *Id.* Credentials committee findings and deliberations are not exempt from discovery, therefore, unless they specifically concern the health care provided a patient.

## VI.

This Court has expressed a strong reluctance to review interlocutory allegations of nonjurisdictional trial court error in prohibition actions. *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889 (Mo. banc 1983). This Court confirmed, however, in *State ex rel. Richardson v. Randall,* 660 S.W.2d 699 (Mo. banc 1983), a case decided barely three months after *Morasch,* that "from time to time in peculiarly limited situations there are instances in which absolute irreparable harm may come to a litigant if some spirit of justifiable relief is not made available to respond to a trial court's order. In such circumstances, the extemporaneous character of prohibition may be the remedy to be applied." *Randall, supra* at 701.

Such a circumstance is present here. The benefits which inure to the plaintiffs if allowed to violate § 537.035.4 cannot be adequately remedied on appeal. Once the proverbial bell has been rung, its sound can neither be recalled nor subsequently silenced.

█ Section 537.035.4 expresses the public policy of this state that peer review

committee proceedings, to the extent they address the health care provided any patient, are immune from discovery. Prohibition is therefore appropriate in the present case to the extent discovery is circumscribed by § 537.035.4.

The preliminary rule is hereby made absolute insofar as it relates to the proceedings, findings, deliberations, reports and minutes of peer review committees, including credentials committees, concerning the health care provided any patient.

## VII.

■ The trial court overruled relator's objections to the discoverability of incident reports "relating in any manner to medical services provided by" the named physician defendants. Relator's argument in this regard is that the requested incident reports were prepared in anticipation of litigation and are therefore exempt from discovery (as "work product") under Rule 56.01(b)(3). However, the record before this Court contains only the bare allegation that these reports were prepared for that purpose. Relators have made no attempt to describe the report or the circumstances under which they were made. Blanket assertions of the work-product privilege will not suffice to invoke its protection. *State ex rel. Friedman v. Provaznik*, 668 S.W.2d 76, 80 (Mo. banc 1984). Under the present circumstances, prohibition is unavailable for these incident reports. *Id.*

As it relates to incident reports and the findings and deliberations of peer review committees which do not concern the health care provided any patient, the preliminary rule is quashed.

All concur.