STATE of Missouri, ex rel. Nick FORTNER, Faye Fortner and Tyler Fortner, by and through his next friend, Nick Fortner, Relators,

v.

Honorable Dennis A. ROLF, Judge of the Circuit Court of Lafayette County, Respondent.

No. WD 64974.

Missouri Court of Appeals,
Western District.

Sept. 30, 2005.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 22, 2005.

Application for Transfer Denied
Feb. 28, 2006.

John B. Neher, Lexington, MO, for relators.

Steven M. Aaron, Kansas City, MO, for respondent.

Before BRECKENRIDGE, P.J., SMART and HOWARD, JJ.

## ORIGINAL PROCEEDING IN PROHIBITION

PATRICIA BRECKENRIDGE, Judge.

Relators Nick and Faye Fortner filed a petition for a writ of prohibition in this court, seeking to prohibit Respondent, the Honorable Dennis A. Rolf, from enforcing a partial summary judgment entered against them. The Fortners claim the court lacked jurisdiction to enter the partial summary judgment because they had voluntarily dismissed their petition before the trial court entered its partial judgment. Because the trial court exceeded its jurisdiction in entering a judgment granting partial summary judgment in favor of Fleetwood after the Fortners voluntarily dismissed their case, the trial court's judgment is vacated and this court's preliminary writ of prohibition is made absolute.

### Factual and Procedural Background

The Fortners filed suit against Fleetwood Enterprises, Inc., and several other corporations, which the Fortners claim are subsidiaries of Fleetwood Enterprises, Inc. In February 2003, the Fortners filed their fifth amended petition, asserting nine counts stemming from the Fortners' purchase of a manufactured home from Fleetwood. One of the counts, Count VIII, alleged that the Fortners' son suffered mold sickness and injury as a result of Fleetwood's failure to repair certain defects in the manufactured home and sought damages for medical expenses associated with the sickness. Each of the other counts against Fleetwood also sought damages for the Fortners' medical expenses.

In October 2004, Fleetwood filed a motion for partial summary judgment on Count VIII and all claims for damages related to medical expenses asserted in Counts I–IX. On November 30, 2004, the

trial court held a hearing on Fleetwood's motion.[1] On December 20, 2004, the court entered a ruling on its docket sheet, in which the court stated it was "sustain[ing] Defendant's Motion for Partial Summary Judgment." The next day, relying on Rule 67.02, the Fortners filed a voluntary dismissal, without prejudice, of their claims against Fleetwood, including Count VIII.[2]

On January 4, 2005, the trial court executed a signed, file-stamped partial judgment in favor of Fleetwood and dismissed, with prejudice, Count VIII of the Fortners' petition and any claims asserted in Counts I–IX that related to medical expenses or mold. Thereafter, the Fortners petitioned this court, seeking a writ of prohibition to set aside the trial court's January 4th judgment. This court issued a preliminary writ of prohibition.

## Trial Court Lost Jurisdiction to Enter Judgment Following Voluntary Dismissal

■ In their sole point, the Fortners assert the trial court erred in entering partial summary judgment dismissing Count VIII of their petition and all claims related to medical expenses and mold in Counts I–IX because the court lacked jurisdiction to enter the judgment. In particular, the Fortners contend they voluntarily dismissed, without prejudice, all claims against Fleetwood, pursuant to Rule 67.02, before the trial court entered its judgment. The Fortners claim that once they voluntarily dismissed their claims, the trial court lacked jurisdiction to take any further action in the matter.

■ Before reaching the merits of the Fortners' petition for a writ of prohibition, this court considers whether the extraordinary remedial writ of prohibition is proper in the circumstances of this case. A writ of prohibition is an extraordinary remedy and "is to be used with great caution and forbearance and only in cases of extreme necessity." *State ex rel. Douglas Toyota III, Inc. v. Keeter,* 804 S.W.2d 750, 752 (Mo. banc 1991). As such, the Supreme Court has limited its application to "three, fairly rare, categories of cases." *State ex rel. Riverside Joint Venture v. Mo. Gaming Comm'n,* 969 S.W.2d 218, 221 (Mo. banc 1998). One of the categories in which writs of prohibition are proper is when the "trial court exceeded its jurisdiction or abused its discretion to such an extent that it lacked the power to act as it did." *Mo. State Bd. of Registration for Healing Arts v. Brown,* 121 S.W.3d 234, 236 (Mo. banc 2003). Therefore, if the Fortners' jurisdictional claim is correct, a writ of prohibition is appropriate. *State ex rel. Fisher v. McKenzie,* 754 S.W.2d 557, 562 (Mo. banc 1988).

■ On December 21, 2004, the Fortners filed a "Voluntary Dismissal Without Prejudice," under Rule 67.02. Rule 67.02(a) provides a plaintiff the one-time right to voluntarily dismiss a court-tried civil action, without order of the court, anytime "prior to the introduction of evidence" and, in the case of a jury trial, "[p]rior to the swearing of the jury panel for the voir dire examination." A voluntary dismissal is effective on the date it is filed with the court. *Grady v. Amrep, Inc.,* 139 S.W.3d 585, 590 (Mo.App.2004).

1. On December 8, 2004, the Fortners dismissed, without prejudice, Count VII of their petition, which sought damages for negligence against Community Bank of Pettis County, which made a construction loan to the Fortners to purchase the manufactured home at issue in this case. This dismissal is not challenged and Community Bank is not involved in this proceeding.

2. The Fortners subsequently re-filed their petition in Jackson County.

And once a plaintiff dismisses a case, under Rule 67.02(a), " 'it is as if the suit were never brought.' " *Givens v. Warren,* 905 S.W.2d 130, 132 (Mo.App.1995) (citation omitted). Thereafter, the trial court loses jurisdiction to enter any subsequent orders as to the dismissed action. *Kirby v. Gaub,* 75 S.W.3d 916, 917 (Mo.App.2002). Thus, if the Fortners properly dismissed their claims under Rule 67.02(a), then they would be correct that the trial court exceeded its jurisdiction in entering its January 4, 2005, judgment, which was entered after the Fortners' voluntary dismissal. The dispositive question, then, is whether the Fortners' voluntary dismissal was proper under Rule 67.02(a)(2), i.e., whether it was made prior to the introduction of evidence.[3]

The procedural history relevant to the dispositive issue is that Fleetwood filed a motion for partial summary judgment on October 4, 2004. The Fortners filed a response to Fleetwood's motion on October 29, 2004. While not included in the record before this court, both Fleetwood's motion and the Fortners' response reference exhibits that were filed as attachments to the pleadings, e.g., deposition transcripts, mold test results, and affidavits. On November 30, 2004, the trial court held a hearing on Fleetwood's motion. The trial court's docket sheet for this date states, "[t]he Motion for Partial Summary Judgment and Motion to Strike Plaintiff's Cause of Action are taken up and taken under advisement." On December 14, 2004, a pretrial hearing was held and the parties

agreed to waive a jury trial and the matter was set for trial before the court. On December 20, 2004, the trial court's docket sheet indicates the court sustained Fleetwood's motion for partial summary judgment. One day later, relying on Rule 67.02, the Fortners filed a "Voluntary Dismissal Without Prejudice" of all of their claims against Fleetwood. Thereafter, on January 4, 2005, the trial court executed and filed the challenged Final Judgment Dismissing Court VIII and All Claims for Medical Expenses.[4]

■ At the time the Fortners filed their voluntary dismissal, both parties had introduced evidence related to Fleetwood's motion for summary judgment. As noted above, however, in a court-tried case, a plaintiff may only voluntarily dismiss an action, without court order, "prior to the introduction of evidence." Rule 67.02(a)(2). Thus, this court must determine whether the admission of evidence on Fleetwood's motion for summary judgment precluded the Fortners from voluntarily dismissing their action, without a court order.

The Missouri Supreme Court has previously considered the meaning of the phrase "prior to the introduction of evidence," as it pertains to a voluntary dismissal, in *Garrison v. Jones,* 557 S.W.2d 247, 249 (Mo. banc 1977). Under a prior version of the rule, the Court held that the "stage of the proceedings described in [then] Rule 67.01[, now Rule 67.02(a),] as 'prior to the introduction of evidence' refers to the introduction of evidence at the

---

**3.** On December 14, 2004, the parties agreed to waive a jury trial. Therefore, subsection (a)(1) of Rule 67.02 is inapplicable in this case because it concerns the dismissal of a case tried before a jury. *See* Rule 67.02(a)(1).

**4.** The trial court's January 4, 2005, judgment purportedly "dismissed with prejudice" Court VIII of the Fortners' petition and any claims asserted in Counts I–IX that related to medi-

cal expenses or mold. If the trial court had jurisdiction to enter its January 4th judgment, because the matter was before the trial court on Fleetwood's partial motion for summary judgment, the proper disposition should have been a granting of partial summary judgment in favor of Fleetwood on the relevant claims, rather than a dismissal with prejudice.

trial of the cause on the merits," and it "does *not* refer to hearings on pretrial motions or the introduction of evidence with respect to such motions." (emphasis added).[5] *Id.* After the Supreme Court's ruling in *Garrison,* the Supreme Court amended Rule 67.01, which is now Rule 67.02(a), effective January 1, 1981, to clarify that "prior to the introduction of evidence" meant the introduction of evidence "at the trial." [6] The Committee Note after the amended Rule stated that "at the trial" "was added to make it clear that the introduction of evidence at a pretrial hearing does not affect the right of voluntary dismissal."

In 1994, the Supreme Court once again amended the rules governing dismissals of actions. In particular, the Court moved prior Rule 67.01, governing voluntary dismissals, to Rule 67.02. Under amended Rule 67.02, effective January 1, 1994, plaintiffs retained the one-time right to voluntarily dismiss an action, without court order, "prior to the introduction of evidence at the trial." [7]

In 2002, the Supreme Court again amended Rule 67.02(a), effective July 1, 2002. The only change to the rule with this most recent amendment was to the first sentence of the rule. Before the latest amendment, the first sentence of Rule 67.02(a) read, "Except as provided in Rule 52, a civil action may be dismissed by the plaintiff without order of the court anytime prior to the introduction of evidence at the trial." The first sentence of Rule 67.02(a) now reads: "Except as provided in Rule 52, a civil action may be dismissed by the plaintiff without order of the court anytime: (1) Prior to the swearing of the jury panel for the voir dire examination, or (2) In cases tried without a jury, prior to the introduction of evidence." [8] With the most recent amendment to Rule 67.02(a), the Supreme Court created a different point in the proceedings, depending on whether the case is a court-tried case or a jury-tried case, after which, a plaintiff no longer maintains the absolute right to voluntarily dismiss an action. Such a distinction between court-tried cases and jury-tried cases was never previously made in Mis-

---

**5.** In Missouri, a motion for summary judgment has been labeled a pretrial motion. *See, e.g., Callahan v. Cardinal Glennon Hosp.,* 863 S.W.2d 852, 860 (Mo. banc 1993); *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 380 (Mo. banc 1993).

**6.** Rule 67.01, effective January 1, 1981, until January 1, 1994, provided:

A civil action may be dismissed by the plaintiff without prejudice without order of court any time *prior to the introduction of evidence at the trial.* After the introduction of evidence is commenced, a plaintiff may dismiss his action without prejudice only by leave of court or by written consent of the adverse party. Leave of court shall be freely granted when justice so requires. A party who has once so dismissed a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only (1) upon filing a stipulation to that effect

signed by the opposing party; or (2) on order of the court made on motion in which the ground for said dismissal shall be set forth.

(Emphasis added).

**7.** Rule 67.02(a), effective January 1, 1994, until July 1, 2002, provided:

Except as provided in Rule 52, a civil action may be dismissed by the plaintiff without order of the court anytime *prior to the introduction of evidence at the trial.* A party who once so dismisses a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only (1) upon filing a stipulation to that effect signed by the opposing party or (2) on order of the court made on motion in which the ground for dismissal shall be set forth.

(Emphasis added).

**8.** Rule 52, governing "Parties," is inapplicable in this case.

souri with respect to a voluntary dismissal of a cause of action.[9]

In a jury-tried case, current Rule 67.02(a)(1) clearly establishes that the point at which a plaintiff no longer retains the absolute right to voluntarily dismiss an action is when the jury panel is sworn for voir dire examination. In court-tried cases, however, Rule 67.02(a) retains the standard for a voluntary dismissal from previous versions of the rule, "prior to the introduction of evidence," but the qualifying phrase, "at the trial," has been deleted. As noted, in *Garrison*, the Supreme Court interpreted the phrase, "prior to the introduction of evidence," to mean "the introduction of evidence at the trial of the cause on the merits." 557 S.W.2d at 249. That ruling is controlling unless this court finds, that by deleting the phrase, "at the trial," in the latest amendment to Rule 67.02(a), the Supreme Court intended to overrule *Garrison* to the extent it holds that "prior to the introduction of evidence" means evidence adduced only "at the trial" on the merits. Under such an interpretation, because evidence had already been introduced with respect to Fleetwood's motion for summary judgment at the time the Fortners filed their voluntary dismissal, the Fortners' dismissal under Rule 67.02(a)(2) would have been filed too late to be effective without a court order.

Interpreting Rule 67.02(a) in this manner could potentially create a wide disparity between the point in time in which a plaintiff may voluntarily dismiss a case, without a court order, depending on whether the case is a court-tried case or a jury-tried case. For example, in a jury-tried case, by the time a jury panel is sworn for voir dire examination, it is possible that both the plaintiff and the defendant in the case would have introduced evidence related to various pre-trial matters. Nevertheless, because the case is proceeding to a jury trial, the plaintiff would retain the absolute right to voluntarily dismiss the action right up to the point the jury panel is sworn for voir dire examination. Under the standard for court-tried cases, however, if the rule were interpreted to preclude a voluntary dismissal after the introduction of evidence, regardless of whether the evidence is introduced "at the trial," a plaintiff would have a potentially much shorter window of opportunity to voluntarily dismiss an action than they would have under a jury-tried case. Moreover, it is problematic that, at the point in time in which a plaintiff chooses to voluntarily dismiss an action, the parties may not have indicated to the trial court whether the case was to be court-tried or jury-tried. Under Rule 69.01, the presumption is that a civil action is to proceed as a jury-tried case until the parties waive their right to trial by jury. An interpretation of Rule 67.02(a) to preclude voluntary dismissal if there has been the presentation of evidence on pretrial motions for court-tried cases would create the undesirable situation where plaintiffs have the incentive to manipulate the length of time in which they could voluntarily dismiss an action by delaying waiver of a jury trial until right before trial.

Consequently, this court finds that even though the Supreme Court deleted the phrase "at the trial" from Rule 67.02(a)(2), it did not intend to overrule *Garrison* to the extent that it held that "prior to the introduction of evidence" means evidence introduced only "at a trial" on the merits.

9. The time frames for voluntarily dismissing a civil action in the current version of Rule 67.02(a) are like the time frames as to when double jeopardy attaches in a criminal case. For example, "in a jury trial, jeopardy attaches when the jury is impaneled and sworn; in a court-tried case, jeopardy attaches upon the introduction of evidence." *State v. Stein*, 876 S.W.2d 623, 625 (Mo.App.1994).

To interpret the rule in a manner that would preclude a plaintiff from voluntarily dismissing a case after the introduction of evidence concerning pre-trial matters for court-tried cases, but to permit a voluntary dismissal up until the point the jury panel is sworn for voir dire examination in jury-tried cases, would create an absurd result. *Cf. Leiser v. City of Wildwood,* 59 S.W.3d 597, 603–04 (Mo.App.2001) (discussing general rule that court will not interpret statute in manner that would lead to an absurd result). Interpreting "prior to the introduction of evidence" to mean the introduction of evidence "at the trial," is consistent with the standard for jury-tried cases where the point in time at which a plaintiff loses the absolute right to voluntarily dismiss a case is immediately prior to the beginning of trial, i.e., when the jury panel is sworn for voir dire examination. Rule 67.02(a)(1). Thus, this court finds that "prior to the introduction of evidence" in Rule 67.02(a)(2) means "prior to the introduction of evidence" at the trial.

Fleetwood argues that it would be unjust to allow the Fortners to dismiss their cause of action and refile their case because, before the Fortners dismissed their case, the trial court granted Fleetwood partial summary judgment. Fleetwood asserts that the Fortners should not be able to avoid this unfavorable ruling by a voluntary dismissal. They argue, in effect, that evidence presented for summary judgment should be treated like evidence "at the trial." There is some authority for the proposition that the introduction of evidence at a hearing on a motion for summary judgment may constitute the introduction of evidence "at the trial" for purposes of a plaintiff's right to subsequently file a voluntary dismissal. *See Smith v. A.H. Robins Co.,* 702 S.W.2d 143, 146 (Mo.App.1985). In *Smith,* however, the trial court's ruling on the plaintiff's motion for summary judgment resulted in a final "disposition of the case on the merits" as related to the particular defendant that filed the motion for summary judgment. 702 S.W.2d at 146.

In this case, the trial court's ruling with respect to Fleetwood's motion for summary judgment was merely a partial summary judgment ruling. Such a ruling is interlocutory absent "an express determination [by the court] that there is no just reason for delay." Rule 74.01(b). Without such a determination, such rulings are subject to being added to, amended, or set aside by the court at any time before final judgment. *Norwine v. Norwine,* 75 S.W.3d 340, 344 (Mo.App.2002). Therefore, because the trial court's ruling regarding Fleetwood's motion for summary judgment did not result in a "disposition of the case on the merits," *Smith* is not controlling. While it may seem unfair that the Fortners can use a voluntary dismissal to avoid a partial summary judgment, it would be more inequitable to have rulings on partial summary judgments preclude a voluntary dismissal in a court-tried case, but not in a jury-tried case.

Therefore, because the Fortners voluntarily dismissed their cause of action "prior to the introduction of evidence" at trial, their dismissal, under Rule 67.02(a)(2), was effective on the date it was filed, i.e., December 21, 2004. *Kirby,* 75 S.W.3d at 917. At that point in time, the trial court lost jurisdiction to enter any subsequent orders. *Id.* Accordingly, the trial court exceeded its jurisdiction in entering its January 4, 2005, judgment granting partial summary judgment in favor of Fleetwood.

The trial court's January 4, 2005, judgment is vacated and this court's preliminary writ of prohibition is made absolute.

All concur.