**STATE of Missouri ex rel. Stephen T. FRETS and Cindy R. Frets, Relators,**

v.

**Honorable Stanley MOORE, Judge of the Circuit Court of Camden County, Missouri, Respondent.**

No. SD 29525.

Missouri Court of Appeals, Southern District, Division Two.

June 29, 2009.

Motion for Rehearing and Transfer Denied July 20, 2009.

Application for Transfer Denied Oct. 6, 2009.

Mark David Murphy and Jeffrey M. Cook, The Murphy Law Firm, L.L.C., Overland Park, KS, for Relators.

Susan Ford Robertson and Jill Jackson, Ford, Parshall & Baker, Columbia, MO, and Randy Cowherd and Catherine A. Reade, Haden, Cowherd & Bullock, Springfield, MO, for Respondent.

GARY W. LYNCH, Chief Judge.

Stephen T. and Cindy R. Frets filed a petition for a writ of prohibition, seeking to prohibit the Honorable Stanley Moore ("Respondent") from taking any further action in their underlying case, as well as an order directing Respondent to vacate his order of November 14, 2008, awarding attorney fees to several defendants in that case. The Fretses contend that their voluntary dismissal of the petition under Rule 67.02(a)[1] on November 13, 2008, divested Respondent of any jurisdiction to take any further action on the case and concluded the case without the entry of any final judgment which could be appealed. Consequently, they contend that a writ of prohibition is their only available remedy for challenging the November 14, 2008 orders awarding attorney fees. We agree, and this Court's preliminary order in prohibition is made permanent.

### Factual and Procedural Background

According to the Fretses, the following facts led to their filing of the petition in the trial court below. In March 2004, they made an offer to purchase a lake house located in Camden County, Missouri, through their real estate agent, Becky Lister of Lake Plaza Real Estate Company, d/b/a Re/Max at the Lake ("Lake Plaza"). The homeowners, Ward and Diana Cruise, responded through their real estate agent, Carolyn Angell of The Great Mid–America Real Estate Company, d/b/a Gaslight Properties/GMAC Real Estate ("Mid–America"), with a counteroffer that included various items of personal property that would be included in the sale of the home, including a pontoon boat and trailer. Although the Fretses did not want the pontoon—as it would require them to immediately alter the dock in order to properly house the boat—they presented the Cruises with a counteroffer based on the researched values of the boat and trailer, which the Cruises accepted. The Fretses received all necessary titles at closing. When they asked the Cruises about the keys to the boat, however, they were told that the keys were in the boat's ignition but the battery needed to be charged before the boat would start.

Throughout the summer of 2004 and through 2005, the Fretses' attempts to start and repair the boat were unsuccessful. The Fretses contacted the Cruises to discuss the issues with the boat and informed them that any bills for repair would be sent to them for reimbursement or for them to pay directly. The Cruises took no action to pay the repair bills or to fix the boat.

Also during the summer of 2005, the Fretses sought to erect a garage on the lake house property. They claimed that at the time they purchased the property, it had been represented to them that the property had enough room for a garage to be built. According to the Fretses, the ability to build a garage was a material consideration in their decision to purchase the house. In the planning stages of the garage addition, however, they discovered that, due to size and setback requirements, the property could not house a garage.

The Fretses filed their petition in the Camden County Circuit Court on May 24, 2006, pleading four counts: (I) breach of contract against the Cruises for allegedly misrepresenting both the year and condition of the pontoon as well as the ability to

---

1. References to rules are to Missouri Court Rules (2008), unless otherwise indicated.

add a garage to the property; (II) breach of implied warranty of merchantability against the Cruises for both the pontoon and the subject property; (III) breach of implied warranty of fitness for particular purpose against the Cruises for both the pontoon and the subject property; and (IV) fraudulent and/or negligent misrepresentations against the Cruises, Becky Lister, Lake Plaza, Carolyn Angell, and Mid–America. No counterclaims or cross-claims were filed by or between any of the defendants. All six defendants, however, filed motions for summary judgment on the claims made by the Fretses in their petition. The trial court granted all of the defendants' motions as to Counts II, III, and IV and dismissed those counts. As to Count I, the trial court granted partial summary judgment in favor of the Cruises with regard to the real estate, but the motion with regard to the pontoon boat was denied. The trial court noted that the summary judgments were "TO BE CONSIDERED FINAL FOR PURPOSES OF APPEAL."

The Fretses appealed the trial court's summary judgment order to this Court. On April 1, 2008, that appeal was dismissed for lack of jurisdiction due to the absence of a final judgment, because the trial court's order did not dispose of all pending claims and did not expressly determine that there was "no just reason for delay," as required by Rule 74.01(b).

While the appeal was pending, defendants Lister, Lake Plaza, Angell, and Mid–America filed motions for attorney fees as provided in the real estate contract. The trial court granted those motions on May 13, 2008, awarding $21,416.29 to defendants Lister and Lake Plaza, and $23,253.34 to defendants Angell and Mid–America. The Fretses filed a motion to reconsider, which the trial court denied, and the above defendants then filed sup-

plemental motions for attorney fees in early November 2008, seeking an additional award for defending the Fretses' motion to reconsider. On November 13, 2008, the Fretses filed a voluntary dismissal of the action without prejudice, pursuant to Rule 67.02(a). The following day, November 14, 2008, the trial court granted the defendants' supplemental motions for attorney fees, entering a document denominated as a "Judgment" awarding defendants Lister and Lake Plaza a total of $24,909.30 for attorney fees, and entering a document denominated as an "Order For Attorneys' Fees and Costs" awarding defendants Angell and Mid–America a total of $28,395.84 for attorney fees and costs. The Fretses filed this petition for an extraordinary writ on December 15, 2008, and this Court issued a preliminary writ of prohibition.

### *Discussion*

In their sole point, the Fretses contend that, because their voluntary dismissal of the action on November 13, 2008, divested the trial court of any jurisdiction to proceed in the underlying matter, the trial court's November 14, 2008 orders awarding attorney fees are null and void. They argue that the trial court's order granting the summary judgments was interlocutory in nature and not a final judgment and, therefore, the voluntary dismissal under Rule 67.02(a) properly dismissed without prejudice all four counts of the underlying action. As such, there was no case pending before the trial court on November 14, 2008, upon which the trial court could have entered a final judgment subject to appeal, and thus the Fretses' only vehicle to challenge the action taken by the trial court on that date is by a petition for an extraordinary writ.

Respondent contends that the Fretses are not entitled to extraordinary relief because they have an adequate remedy by

appeal. This is so, Respondent asserts, because the dismissal filed by the Fretses on November 13, 2008, served to dismiss only the boat claim in Count I against the Cruises, which was the sole claim not resolved by the trial court's previous order granting summary judgments, and the Fretses' dismissal of that count rendered the previous orders granting summary judgments and attorney fees final for purposes of appeal.

A writ of prohibition is an extraordinary remedy and "is to be used with great caution and forbearance and only in cases of extreme necessity." *State ex rel. Douglas Toyota III, Inc. v. Keeter,* 804 S.W.2d 750, 752 (Mo. banc 1991). Therefore, a relator "must show . . . that it has no adequate remedy at law by way of appeal." *State ex rel. Dept. of Social Servs. v. Selby,* 245 S.W.3d 328, 329 (Mo. App.2008) (citing *State ex rel. Lester E. Cox Med. Ctr. v. Wieland,* 985 S.W.2d 924, 926 (Mo.App.1999)). Once the propriety of a petition for extraordinary writ has been determined, the Supreme Court has limited its application to "three, fairly rare, categories of cases." *State ex rel. Riverside Joint Venture v. Mo. Gaming Comm'n,* 969 S.W.2d 218, 221 (Mo. banc 1998):

> First, prohibition lies where a judicial or quasi-judicial body lacks personal jurisdiction over a party or lacks jurisdiction over the subject matter the body is asked to adjudicate. Second, prohibition is appropriate where a lower tribunal lacks the power to act as contemplated. Third, prohibition will issue in those very limited situations when an "absolute irreparable harm may come to a litigant if some spirit of justifiable relief is not made available to respond to a trial court's order," *State ex rel. Richardson v. Randall,* 660 S.W.2d 699, 701

(Mo. banc 1983), or where there is an important question of law decided erroneously that would otherwise escape review on appeal *and* the aggrieved party may suffer considerable hardship and expense as a consequence of the erroneous decision.

*Id.* (citing *State ex rel. Noranda Aluminum, Inc. v. Rains,* 706 S.W.2d 861, 862–63 (Mo. banc 1986); *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 577 (Mo. banc 1994)). Accordingly, the pivotal issue in this case is the effect of the Fretses' voluntary dismissal; only if the dismissal served to dismiss all four counts of the Fretses' petition can this Court then examine the subsequent action by the trial court to determine if it exceeded its jurisdiction.

The Fretses direct this Court to Rule 67.02(a), which provides, in pertinent part, that: "(a) Except as provided in Rule 52,[2] ] a civil action may be dismissed by the plaintiff without order of the court anytime . . . (2) In cases tried without a jury, prior to the introduction of evidence at the trial." Because no trial had been held on any of the counts in the petition, the Fretses assert that they "filed their dismissal within these time limits," and, thus, their dismissal operated to dismiss all counts in the petition.

Respondent, however, cites to no legal authority in support of his statement that "[w]hen [the Fretses] filed their November 13, 2008, dismissal, all that remained and could be dismissed was the pending claim for breach of contract [regarding the pontoon] against defendants Cruise." Respondent then proceeds with his analysis based on that assumption, citing relevant legal authority in support of his position that the order granting summary judgments on the other claims and the orders awarding attorney fees became final judg-

---

**2.** Rule 52, which governs "Parties," is inapplicable to the facts in this action.

ments subject to appeal upon dismissal. The flaw in this analysis is that the initial unsupported assumption upon which it is premised is not correct.

While not specifically referring to Rule 67.02(a) or responding to the Fretses' assertion of the applicability of that rule, implicit in Respondent's underlying assumption is that the trial court's consideration of the defendants' motions for summary judgment, as indicated by the entry of the trial court's order granting those summary judgments, is equivalent to a trial on those claims; therefore, the Fretses could not dismiss those claims "without order of the court" because their dismissal was filed after "the introduction of evidence at the trial." This issue has been addressed adversely to Respondent's position by both the Supreme Court and the Western District of our Court.

In *State ex rel. Fortner v. Rolf,* 183 S.W.3d 249 (Mo.App.2005), the relators had filed suit against numerous corporations, asserting nine counts stemming from the relators' purchase of a manufactured home. *Id.* at 250. One of those counts alleged that the relators' son contracted mold sickness as a result of one corporation's failure to repair certain defects within the home and sought damages for medical expenses associated with the sickness. *Id.* Each of the other eight counts also sought, in part, damages for medical expenses. *Id.* In October 2004, one corporation filed a motion for partial summary judgment on the count pertaining to relators' son's illness, as well as on all of the other partial claims for damages related to

his medical expenses. *Id.* A hearing was held on the motion, and on December 20, 2004, the trial court entered a ruling on its docket sheet stating that "it was 'sustain[ing] Defendant's Motion for Partial Summary Judgment.'" *Id.* at 250–51. The following day, and in reliance on Rule 67.02, the relators filed a voluntary dismissal without prejudice of all claims against that one corporation. *Id.* at 251. On January 4, 2005, the trial court entered a signed, file-stamped partial judgment in favor of the corporation and in conjunction with its earlier docket entry, dismissing with prejudice all claims related to medical expenses. *Id.* The relators then filed a petition seeking a writ of prohibition to set aside that judgment. *Id.*

In its ruling making its preliminary writ permanent, the Western District detailed the judicial and legislative history behind Rule 67.02. In *Garrison v. Jones,* 557 S.W.2d 247 (Mo. banc 1977), the Supreme Court held that the "stage of the proceedings described in [then] Rule 67.01 [, now Rule 67.02(a),] as 'prior to the introduction of evidence' refers to the introduction of evidence at the trial of the cause on the merits," and it "does not refer to hearings on pretrial motions or the introduction of evidence with respect to such motions." [3] *Fortner,* 183 S.W.3d at 252–53 (alterations in original). Shortly thereafter, the Supreme Court amended the rule, effective January 1, 1981, to make that clarification part of the rule itself by adding the words "at the trial" following the phrase "prior to the introduction of evidence." [4]

---

3. In Missouri, as noted in *Fortner,* 183 S.W.3d at 253 n. 5, it is well settled that a motion for summary judgment is a pretrial motion. *See, e.g., Callahan v. Cardinal Glennon Hosp.,* 863 S.W.2d 852, 860 (Mo. banc 1993); *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 380 (Mo. banc 1993).

4. Rule 67.01, now Rule 67.02(a), effective from January 1, *1981,* until January 1, *1994,* provided:

A civil action may be dismissed by the plaintiff without prejudice without order of court any time prior to the introduction of evidence at the trial. After the introduction of evidence is commenced, a plaintiff may

The Supreme Court again amended the rules regarding dismissals in 1994, moving then-Rule 67.01 governing voluntary dismissals to its current placement as Rule 67.02. The language "prior to the introduction of evidence at the trial" was retained. *Fortner*, 183 S.W.3d at 253. In 2002, however, when the rules governing dismissal were again revised, the phrase "at the trial" was removed, leaving the rule to instead read, "[ (a) ] Except as provided in Rule 52, a civil action may be dismissed by the plaintiff without order of the court anytime: (1) Prior to the swearing of the jury panel for the voir dire examination, or (2) In cases tried without a jury, prior to the introduction of evidence." *Fortner*, 183 S.W.3d at 253. This amendment separated jury-tried and court-tried cases, creating two distinct temporal points in the proceedings after which a plaintiff no longer retains the absolute right to voluntarily dismiss an action. *Id.* Rule 67.02(a)(1) inserted a new point in jury-tried cases, while Rule 67.02(a)(2) retained the prior point for court-tried cases, albeit without the phrase "at the trial."

■ Our analysis in the instant case goes slightly further than that in *Fortner*. In *Fortner*, the 2002 amendment was the version of the rule then in effect, and the Western District went on to reaffirm the continued vitality of the Supreme Court's ruling in *Garrison*, finding that " 'prior to the introduction of evidence' means evidence adduced only 'at the trial' on the merits." *Fortner*, 183 S.W.3d at 254. "To interpret the rule in a manner that would preclude a plaintiff from voluntarily dismissing a case after the introduction of evidence concerning pre-trial matters for court-tried cases, but to permit a voluntary dismissal up until the point the jury panel is sworn for voir dire examination in jury-tried cases, would create an absurd result." *Id.* at 255. Effective January 1, 2007, however, Rule 67.02 was again amended and the phrase "at the trial" reinserted, lending credence to the Western District's holding in *Fortner*. Moreover, the Supreme Court's reincorporation of those three words into the rule serves to emphasize its previous affirmation of *Garrison*, as well as its holding that a voluntary dismissal without prejudice can be accomplished without leave of the court up until evidence is presented at the actual court trial on the merits.

This Court finds no reason to stray from the Western District's analysis, especially considering the subsequent amendment of Rule 67.02. In the instant case, the trial court granted the defendants' motions for summary judgment on October 11, 2007; this ruling was not final, because it did not expressly state "that there is no just reason for delay," as required by Rule 74.01(b). This Court found as much in its April 1, 2008 order dismissing the Fretses' appeal for lack of appellate jurisdiction, in appeal number SD28824. The trial court's judgment was thus interlocutory and sub-

dismiss his action without prejudice only by leave of court or by written consent of the adverse party. Leave of court shall be freely granted when justice so requires. A party who has once so dismissed a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only (1) upon filing a stipulation to that effect signed by the opposing party; or (2) on order of the court made on motion in which the ground for said dismissal shall be set forth.
*Fortner*, 183 S.W.3d at 253. The Committee Note following the amended rule stated that " 'at the trial' 'was added to make it clear that the introduction of evidence at a pretrial hearing does not affect the right of voluntary dismissal.' " *Id.*

ject to revision at any time. *See* Rule 74.01(b).[5] *See also Fortner,* 183 S.W.3d at 255.

■■ The language of the Fretses' voluntary dismissal leaves no doubt as to their intent to "dismiss this action without prejudice." There is no mention of specific individual counts or claims, only the action as a whole. "A voluntary dismissal is effective on the date it is filed with the court." *Fortner,* 183 S.W.3d at 251 (citing *Grady v. Amrep, Inc.,* 139 S.W.3d 585, 590 (Mo.App.2004)). Moreover, once a case has been dismissed under Rule 67.02, "it is as if the suit were never brought." *Givens v. Warren,* 905 S.W.2d 130, 132 (Mo.App. 1995). Consequently, a trial court loses jurisdiction to enter any subsequent orders regarding the dismissed action. *Kirby v. Gaub,* 75 S.W.3d 916, 917 (Mo.App.2002). No appeal can be taken from the dismissal. *State ex rel. Moore v. Sharp,* 151 S.W.3d 104, 107 (Mo.App.2004). "The circuit court may take no further steps as to the dis-missed action, and any step attempted is viewed a nullity." *State ex rel. Rosen v. Smith,* 241 S.W.3d 431, 433 (Mo.App. 2007).[6] Applying these principles to the instant case, there was nothing to appeal following the Fretses' voluntary dismissal of the action on November 13, 2008.

For the above reasons, the Fretses have no adequate remedy at law by way of appeal to challenge the awards of attorney fees made by Respondent on November 14, 2008. From the analysis of that pivotal issue, *supra,* it is evident Respondent lacked jurisdiction to enter such awards. A writ of prohibition is an appropriate remedy to correct such actions. The Fretses' point is granted.

### Decision

The preliminary writ of prohibition is made permanent. Respondent is ordered to take no further action with respect to Cause No. 06CM–CC00168, except to va-

---

5. Rule 74.01(b) provides that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. *In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*
> (Emphasis added).

6. The subject-matter-jurisdiction analysis relied upon in *Kirby,* 75 S.W.3d at 917, and in *Smith,* 241 S.W.3d at 433, still has vitality under the constitutional subject-matter-jurisdiction analysis as now required by *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009).

> [T]he subject matter jurisdiction of Missouri's courts is governed directly by the state's constitution. Article V, section 14 sets forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms, providing that "[t]he circuit courts shall have original jurisdiction over *all* cases and matters, civil and criminal. Such courts may issue and determine original remedial writs and shall sit at times and places within the circuit as determined by the circuit court." ( [E]mphasis added).

*Id.* at 253–54 (footnote omitted). The Fretses' action, having been voluntarily dismissed, was no longer a "case or matter" as described in Article V, section 14 and as required for the exercise of the jurisdiction granted to the circuit court by that section. *See Kirby,* 75 S.W.3d at 917.

cate its orders awarding attorney fees entered on November 14, 2008.

PARRISH and RAHMEYER, JJ., concur.