**Mildred Louise HANNIBAL, Petitioner–Appellant,**

v.

**Stanley Lee HANNIBAL, Respondent–Respondent.**

**No. WD 31382.**

Missouri Court of Appeals, Western District.

Sept. 2, 1980.

David V. Bear, Bear, Hines & Thomas, Columbia, for petitioner–appellant.

Craig A. Van Matre, Van Matre & Van Matre, Columbia, for respondent–respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

This is an appeal by the wife from a decree which dissolved the marriage and found that no children were born of the marriage. The issues are the propriety of the trial court proceeding to judgment after the wife dismissed her petition and the validity of the judgment on the issue of legitimacy of a minor child.

To properly address these issues, the pleadings and facts need statement in some detail. The parties were married January 20, 1973. Eleven days prior to this, the wife had given birth to a son. On December 26, 1976, the parties separated.

The wife initiated dissolution proceedings by filing a petition in which she alleged that the marriage had occurred January 6, 1971 and that her son was a child of the marriage. She stated the marriage was irretrievably broken.

In his answer to that petition, the husband denied that the child was his son and stated that he had never acknowledged the child as his own. He further denied that he had any legal obligations with respect to the child. The husband also asserted that the marriage was irretrievably broken and requested its dissolution but asked that all other relief sought by the wife be denied.

The husband later filed an amended answer stating the marriage had occurred in January of 1973. In support of this allegation, "Exhibit A," a certified copy of the marriage certificate, was filed. He again denied any relationship, physical or legal, to the child and repeated the request for dissolution.

The wife then filed a "Reply to Respondent's First Amended Answer." In this response, the wife admitted the marriage occurred in January, 1973. However, she stated that although the child was born prior to the marriage, the husband was the natural father and had recognized the child as his own. The wife alleged facts in support of this position, including an assertion that the parties were cohabitating at the time of the child's conception and that the husband unsuccessfully attempted to have his name included on the birth certificate.

On October 30, 1979, the wife filed a motion for continuance, stating that the husband had recently suffered a severe heart attack. She explained he was unable to pay child support, "but in the event of his disability or death, the minor children [1] would be entitled to Social Security payments." This motion was overruled on November 13, 1979, and that same day the wife filed a "dismissal" stating that pursuant to Rule 67.01 she "dismisses this case."

The case was tried pursuant to a regular setting on November 14, 1979. Though the wife's counsel was present, he claimed that due to the dismissal the wife was not a party, to the proceeding. The trial court took the position that the dismissal affected only the wife's petition and that since the husband's answer requested affirmative relief, the matter would be heard on that pleading.

The testimony of the husband was the only evidence presented. He stated that the child was born January 9, 1973 and that the marriage occurred January 20, 1973. He again denied being the child's father or ever recognizing the child as his son. He acknowledged that the marriage was irretrievably broken. He also testified concerning the marital property. The wife's counsel, though present, declined to cross-examine the husband.

At the close of the evidence, the court noted that the case was heard on the First Amended Answer as the petition and the case was at issue. The court found the marriage irretrievably broken and awarded each party certain property. The order, judgment and decree dissolving the marriage was entered that day. The court also found that no children were born of the marriage.

■ The only issue raised by the wife as to the decree of dissolution is that by the

1. Use of the plural is apparently based upon the wife's pleading that she had two other children prior to her marriage.

"dismissal" and the operation of Rule 67.01, the case was at an end, and the trial court erred in hearing the case on the husband's answer, as an affirmative pleading.

The wife does not complain that the answer did not contain the substantive basis for affirmative relief to the husband. The answer contained the necessary averments for a dissolution proceeding and was under oath.

The wife seeks to avoid the effect of Rule 55.01, that a dismissal of the main action does not affect a pending counterclaim, by asserting that the answer was not labeled as a counterclaim, nor as a pleading seeking affirmative relief. As the wife puts it in her brief, the pleading "gave no notice to (wife) that she was being sued, and did not allow her any opportunity to prepare a defense." The lameness of this argument is demonstrated by the wife's reply which countered the affirmative allegations of the husband's answer. The reply demonstrates the wife's awareness of the fact of the husband's claim to a dissolution. The filing of the reply occurred more than ten months prior to the trial which would have afforded ample opportunity to prepare a defense. The entry of a decree of dissolution was proper, and that decree is final for purposes of appeal, despite the additional issue subsequently discussed. § 452.360(1) RSMo 1979.

The more substantial question presented by this case is the status of the minor child born a few days prior to the marriage. The judgment of the trial court asserts that "there were no children born of the marriage." A fundamental issue raised by the pleadings was the legitimation of the child pursuant to § 474.070 RSMo 1979. The elements required for such legitimation (natural parentage of the husband, subsequent marriage, and recognition) were all pleaded in the wife's reply to the husband's amended answer. Proof of those facts would have required the court to make a finding upon the issue of legitimation under the statute. *L. v. R.*, 518 S.W.2d 113 (Mo. App.1974). There was some minimal evidence offered by the husband which negated these elements. The judgment refers to the husband's answer and the wife's reply and asserts the case was at issue.

Thus, the trial court and counsel were apparently aware of the issue posed by the pleadings. If the court's finding was a determination against the legitimation of the child, it is of no avail since the child was not a party. *L. v. R., supra*. If, on the other hand, the court did not intend to rule on the issue of legitimation, intending the finding to be only a recital of the acknowledged fact that no children were born subsequent to the marriage, an unresolved issue remains in the case. *Baumstark v. Jordan*, 540 S.W.2d 611 (Mo.App.1976).

This issue does not affect the dissolution of the marriage but requires reversal for the addition of the child as a party and a retrial of the issue of the legitimation of the minor child. The trial court should be guided in the retrial of the issue by *L. v. R., supra*; *S____ v. S____*, 595 S.W.2d 357 (Mo. App.1980); and *C. B. F. v. H. F.*, 592 S.W.2d 279 (Mo.App.1979).

The decree of dissolution is affirmed, and the issue as to the legitimation of the minor child born January 9, 1973, is remanded to the trial court for hearing and determination consistent with this opinion.