**Brenda Renee WEBER, Appellant,**

v.

**Charles James WEBER III, Respondent.**

**No. 78001.**

Supreme Court of Missouri,
En Banc.

Oct. 24, 1995.

Lianne F. Kurth, Kansas City, for appellant.

James T. Cook, Kansas City, for respondent.

## PER CURIAM.

Brenda Renee Weber appeals from the trial court's decree of dissolution of marriage. Ms. Weber claims the trial court erred in proceeding with the dissolution hearing when she had previously filed the voluntary dismissal of her petition for dissolution. She asserts other claims; but because this claim is dispositive, the other points are not addressed. Following opinion by the Missouri Court of Appeals, Western District, this Court granted transfer.[1] The judgment is reversed, and the dissolution of marriage is set aside.

Brenda Renee Weber and Charles James Weber III were married January 30, 1988. Charles J. Weber IV, born August 3, 1988, and Alecia R. Weber, born December 21, 1989, were issue of the union.

Ms. Weber filed her petition for dissolution of marriage on March 30, 1992, and Mr. Weber filed his verified answer on April 28, 1992. The answer admitted the jurisdictional allegations of Ms. Weber's petition and acknowledged that the marriage was irretrievably broken. Mr. Weber's answer requested affirmative relief, including joint custody of the children, denial of Ms. Weber's request for maintenance, contribution by both parties for the support of their minor children, denial of Ms. Weber's request for attorney's fees, and enforcement of the parties' antenuptial agreement. Mr. Weber did not file a counterclaim for dissolution.

Pretrial activity included discovery by the parties and Ms. Weber's motion for temporary custody, support money, attorney's fees, suit money and costs. Mr. Weber also filed his motion for temporary custody and child support. The trial court conducted a hearing on the motions that took approximately a day and a half and entered temporary orders pertaining to custody, support and visitation for the children.

On May 6, 1993, Ms. Weber's attorney was granted leave to withdraw. Trial was set on July 12, 1993. Ms. Weber appeared in person, pro se, at the July 12 proceeding. Mr. Weber appeared in person and by attorney. Ms. Weber requested a continuance to obtain legal counsel. The court, over Mr. Weber's objection, granted Ms. Weber's request and continued the matter until July 28.

On July 28, 1993, Ms. Weber appeared at the trial, pro se. She informed the court that she was not ready to proceed, stating that she had dismissed her petition for dissolution of marriage on July 26, 1993. Mr. Weber, through counsel, pressed the court to be allowed to proceed upon the affirmative relief sought in his answer. The court granted the request, noting that Ms. Weber admittedly had refiled her petition for dissolution of marriage in Clay County. Ms. Weber then requested a continuance, and the court denied the motion. The trial court noted that as a result of the hearings on the mo-

---

1. With minor editorial changes, this opinion is that of a panel of the western district, authored by the Honorable Robert Ulrich.

tions, as well as the affirmative defenses asserted in the answer to Ms. Weber's petition for dissolution of marriage, that custody of the parties' minor children and child support were issues. Mr. Weber presented uncontroverted evidence concerning custody and support of the parties' children, maintenance, antenuptial agreement, and the marital property and debts accumulated by the parties. Ms. Weber, though present without counsel, chose not to present evidence.

The court filed its decree of dissolution of marriage on July 29, 1993. Ms. Weber filed her timely notice of appeal.

Ms. Weber claims as point (1) on appeal that the trial court lacked jurisdiction and erred in proceeding with the dissolution hearing on Mr. Weber's affirmative assertions in his answer. Ms. Weber had dismissed her petition two days before the trial court conducted the dissolution hearing on the affirmative assertions in Mr. Weber's answer. Ms. Weber was present at the hearing without representation, sought an additional continuance, and when her motion was denied, elected not to present evidence. The court heard the evidence presented by Mr. Weber without objection and rendered its judgment.

Mr. Weber cites *Hannibal v. Hannibal,* 604 S.W.2d 824 (Mo.App.1980), as authority for the trial court's proceeding on the assertions contained in his answer despite the dismissal of Ms. Weber's petition before commencement of the dissolution hearing. In *Hannibal,* wife initiated the dissolution proceedings by filing her petition. *Id.* at 825. Husband answered, and later filed an amended answer, asserting that the marriage was irretrievably broken, asked for dissolution, and asked that all other relief sought by wife be denied. *Id.* Wife filed a reply to husband's answer, and when the trial court denied her motion for a continuance, dismissed her petition for dissolution. The court proceeded with the trial the next day, expressing that wife's dismissal affected her petition only and that because "husband's answer requested affirmative relief, the matter would be heard on that pleading." *Id.* On appeal wife claimed that by dismissing her petition the case was ended, husband not

having filed a cross-petition for dissolution. *Id.* at 825–26. In affirming the trial court's action of proceeding with the dissolution proceeding despite dismissal of wife's petition, the court of appeals discounted wife's assertion that the answer did not label husband's answer a counterclaim or any other pleading seeking affirmative relief. *Id.* at 826. The opinion recognized that the wife's reply filed ten months before the hearing which denied assertions in husband's answer, demonstrated that she had notice of the affirmative relief sought by husband and the evidence presented entitled husband to dissolution of the marriage. *Id.* The court held that husband's affirmative assertions in his answer were sufficient to raise the issues addressed and the decree of dissolution was proper. *Id.*

Section 452.300.1, RSMo, 1986, provides that the Supreme Court rules apply to all to proceedings under §§ 452.300 to 452.415, statutes pertaining to dissolution of marriage. Section 452.300.3 requires that the initial pleading seeking dissolution of marriage be a petition and that all other pleadings filed in dissolution of marriage proceedings be as are provided pursuant to the rules of civil procedure. Section 452.310.1 also states that all proceedings in dissolution of marriage proceedings are as provided in the Supreme Court rules and asserts the factual information required in the petition.

Supreme Court rules mandate the name and contents of pleadings in civil cases. The applicable rules are designed to result in articulation of the contested issues. Rule 53.01 requires that to initiate a claim for resolution in the judicial system a petition must be filed. Rule 55.01 requires that a petition and an answer be filed and that a reply to a counterclaim be filed. This rule also requires that "[a] defense consisting of an affirmative avoidance to any matter alleged in a preceding pleading must be pleaded." Rule 55.05 declares that pleadings "shall contain (1) a short statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled." Rule 55.08 identifies affirmative defenses that a party must assert. Thus, to assert an affirmative claim for relief against a petitioner, a party defendant must file a

counterclaim or a cross-claim stating the facts entitling the party to relief and asking for the remedy desired.

■ Dismissal of a plaintiff's petition in a civil action does not render a counterclaim or cross-claim filed in the action dismissed or discontinued. *Rule 67.05.* Thus, had Mr. Weber filed a cross-petition for dissolution, the dismissal of Ms. Weber's petition would not have precluded the court's hearing evidence and rendering judgment on the cross-petition.

■ Pleadings are "of the greatest utility in defining issues of a case." *Young v. Hall,* 280 S.W.2d 679, 681 (Mo.App.1955), citing *Gerber v. Schutte Inv. Co.,* 354 Mo. 1246, 194 S.W.2d 25, 28 (Mo.1946). The legal character of a pleading is determined by its subject matter and not its designation to the extent that courts ignore the denomination of a pleading and look to its substance to determine its nature. *J.R. Watkins Co. v. Hubbard,* 343 S.W.2d 189, 195 (Mo.App.1961). This long established principle is intended to avoid the unjust consequence of denying a pleading because it is mislabeled. It is not intended to constitute license to answer an opponent's allegations, assert affirmative defenses, and request affirmative relief in a single document in contravention of explicit Supreme Court rules.

■ This Court's rules are reasonably explicit regarding pleading required to place a case at issue. The rules establish an organized procedure for identifying issues and defenses for trial and provide requisite guidance to attorneys and pro se litigants for asserting claims and defenses. The rules provide that parties may make denial and assert affirmative defenses in a responsive document to plaintiff's petition. This Court did not intend that a single document serve as answer and petition. To permit such pleading contravenes the rules and invites confusion in a system designed to provide organization. One who desires dissolution of marriage who has been served as respondent in a dissolution of marriage action can, by rule, assert such claim by cross-petition if the relief is desired, thereby serving notice on the initiating party and the court that, while the independent cross-petition pends, it must be adjudicated.

Mr. Weber did not file a cross-petition for dissolution of marriage. He relies on limited declarations in his answer and on the trial court's acceptance of essential admitted assertions of the appellant's dismissed petition to satisfy statutorily requisite pleadings. By rule, Mr. Weber could have asserted the necessary factual statements in a cross-petition for dissolution of marriage but elected not to. His answer, by rule, responded to Ms. Weber's petition to identify those factual claims asserted by Ms. Weber and to respond to Ms. Weber's demand for relief. The rules do not provide that an answer shall serve to assert the responding party's affirmative claim for dissolution of marriage. Upon dismissal of the wife's petition, the absence of a pending affirmatively pleaded cross-petition concluded the case. Nothing was left for the court to decide. To the extent that *Hannibal v. Hannibal* conflicts with this opinion, it is overruled.

The judgment of the trial court is reversed, and the decree of dissolution of marriage is set aside.

HOLSTEIN, C.J., and BENTON, PRICE, LIMBAUGH, ROBERTSON and COVINGTON, JJ., and JOHN C. CROW, Special Judge, concur.