

In the

Missouri Court of Appeals

Western District

BRIAN HAUGE AND SUSAN HANLEY,

       **Respondents,**

v.

**TRUSTEES OF HIGHLANDS OF CHESTERFIELD,**

       **Appellant.**

**WD76589**

**OPINION FILED:**

**April 15, 2014**

Appeal from the Circuit Court of Cole County, Missouri
The Honorable Patricia S. Joyce, Judge

**Before Division Four: James Edward Welsh, C.J., Joseph M. Ellis, J., and Mary R. Russell, Sp. J.**

The Trustees of Highlands of Chesterfield appeal from the circuit court's amended order and final judgment concluding that, because Brian Hague and Susan Hanley dismissed their petition for declaratory relief, it did not have jurisdiction to rule upon the Trustees' pending motion for sanctions which requested sanctions, attorney fees, and contract damages. The Trustees contend that, pursuant to Rule 67.05, the circuit court retained jurisdiction to rule on ancillary matters, which would include the Trustees' motion for sanctions. Because the Trustees' motion for sanctions constituted an unpled counterclaim and would require the court to assess the

legal merits of the declaratory judgment action, the motion was not an ancillary matter over which the circuit court retained jurisdiction. We affirm.

On January 18, 2013, Hague and Hanley filed a petition for declaratory judgment seeking the circuit court's declaration that the Trustees, who were the trustee of the homeowners' association, improperly refused to allow them to install rooftop solar panels upon their residence. Although the Trustees, Hague, Hanley, and Hague's and Hanley's residence were all located in St. Louis County, Hague and Hanley named the Public Service Commission (PSC) as a party and filed their petition in the Circuit Court of Cole County. In their petition for declaratory judgment, Hague and Hanley asked the circuit court to declare whether the homeowners association's indentures conflicted with section 442.012.1, RSMo 2000,[1] and the PSC's regulation, 4 CSR 240-20.100.[2] The indenture stated that no exterior changes to a building could be made:

> until the plans and specifications showing the nature, kind, shape, height, materials, colors and location of the same shall have been submitted to and approved in writing as to harmony of external design, types of materials, colors and location in relation to surrounding structures and topography by the Architectural Control Committee having jurisdiction over the portion of the Subdivision in which such Lot is located.

Hague and Hanley further stated in their petition that the PSC lacked the "statutory authority to issue a declaratory judgment concerning the scope, applicability and validity of the preemptive

---

[1]Section 442.012.1 says: "The right to utilize solar energy is a property right but eminent domain may not be used to obtain such property right."

[2]In section 393.1030.3, RSMo Cum. Supp. 2013, the general assembly directs that "each electric utility shall make available to its retail customers a solar rebate for new or expanded solar electric systems sited on customers' premises[.]" In accordance with section 393.1030, the PSC promulgated 4 CSR 240-20.100. Regulation 4 CSR 240-20.100(4) provides that solar rebates "shall be available to Missouri electric utility retail account holders who install new or expended solar electric systems that become operational after December 31, 2009." Moreover, the regulation imposes design, operational, safety and technical requirements on such customer-owned solar generating equipment.

2

effect of 4 CSR 240-20.100 on the Indentures."  Hague and Hanley, therefore, asked the circuit court to declare that (1) "the Renewable Energy Standard Act, § 442.012.1, RSMo and 4 CSR 240-20.100 establish public policy in Missouri and confer to Petitioners' a protectable property right to utilize solar energy at their property and a protectable right to participate in the Solar Rebate Program" and (2) "the review standards in Article VI of the Indentures are vague and arbitrary and are in conflict with public policy as established by [the Renewable Energy Standard Act], § 442.012.1, RSMo and 4 CSR 240-20.100 because State law does not prohibit the installation of a residential solar generating system participating in the Solar Rebate Program based solely on aesthetic considerations[.]"

On February 1, 2013, the Trustees filed a "Motion to Dismiss or in the Alternative Motion to Transfer for Improper Venue and Misjoinder."  In that motion, the Trustees also requested attorney fees and taxable costs, alleging that:  "The actions of Counsel has been in bad faith, and has resulted in intentional misrepresentations of law and fact, both with regard to misrepresenting the content and application of pertinent Statutes and Regulations, and their effect upon the facts as presented to this Court."

On February 22, 2013, the Public Service Commission filed a motion to dismiss, asserting that the circuit court lacked jurisdiction over the subject matter and that the declaratory judgment petition failed to state a claim upon which relief could be granted.  In its memorandum of law in support of its motion to dismiss, the PSC asked the circuit court to dismiss the petition because Hague and Hanley "ask this Court to interpret and apply a rule promulgated by the Commission before the Commission has interpreted the rule and, by naming the Commission as a party to the suit, seek to have the Commission bound by the Court's interpretation."  The PSC asserted that dismissal of the case was proper under section 386.510, RSMo Cum. Supp. 2013,

3

because the circuit court "[did] not have the authority to make any order directing the Commission what its interpretation of 4 CSR 240-20.100 shall be before the Commission has had an opportunity to interpret its own rule." The Commission claimed that, once the Commission has had an opportunity to interpret its regulation, judicial review would be available under section 386.510. The Commission further contended that Hague's and Hanley's petition for declaratory judgment should be dismissed because Hague and Hanley had not exhausted their administrative remedies because they had not sought an interpretation of the regulation.

On March 6, 2013, the Trustees joined in and incorporated the Commission's motion to dismiss by filing a "Motion to Incorporate the Pleading and Supporting Memorandum of Law of Co-Defendant Missouri Public Service Commission and For Sanctions Against Plaintiffs and Their Attorney." In their motion, the Trustees alleged that Hague and Hanley, through their attorney Stephen Jeffery, "are compounding their wasteful use of the Court's time and the time and costs of Counsel and the parties, by making the PSC a party, when there is not justiciable issue pertaining to them." Further, the Trustees asserted that Jeffery "is attempting to transform the 19th Judicial Circuit as his personal conduit to establish a cottage industry, for filing similar cases[.]" Moreover, the Trustees claimed that, because Hague and Hanley had already installed the solar panels on their home without waiting for a court ruling, "[t]he behavior of Mr. Jeffery and the arrogance of proceeding to install the solar panels that are the subject of this litigation warrant extraordinary relief to all aggrieved parties." Based upon these allegations, the Trustees requested this relief:

> Defendant, Trustees of Highlands of Chesterfield, request that the Plaintiffs, Hague and Hanley, and Mr. Jeffery[, Hague and Hanley's attorney], be sanctioned, by having their complaint dismissed with prejudice, with all costs taxed against them; that joint and severable judgments for damages be entered against all three in their individual capacity, as expressly permitted in the

4

Defendant's Indentures . . ., that attorney fees be assessed against the Plaintiffs and Mr. Jeffery, which have to date exceeded $10,000. Further extraordinary relief should be granted ordering the Plaintiffs to remove the solar panels from their home in the next ten days and failing to do so will require that they be fined for contempt of $100.00 per day, until the Plaintiff's have complied with the Court's order.

On March 23, 2013, Hague and Hanley filed their "Suggestions in Opposition to Trustees of Highlands of Chesterfield Motion for Sanctions," and they filed a notice of voluntary dismissal of their declaratory judgment action without prejudice.

On March 26, 2013, the Trustees filed a motion to vacate the order of voluntary dismissal and requested that the case be reinstated on the circuit court's case management docket. In the motion the Trustee alleged in part:

> 5. The Plaintiffs, Brian Hague and Susan Hanley, have brought this action without probable cause and have manipulated the legal process in a wrongful and malicious manner, having the effect of damaging the Defendants, with the costs of defending this case.
>
> 6. Furthermore, although the Plaintiffs initiated this equitable action, by seeking the Court's Declaratory Judgment approval, for installation of their roof top solar energy panels, they acted unilaterally and independently of the Court and completed their installation on or about February 1, 2013.
>
> 7. The Plaintiffs' actions demonstrate their lack of regard and respect for the Court process they initiated and their lack of regard for the time and expense they caused the parties.
>
> 8. Through their attorney, the Plaintiffs have intentionally misrepresented the law, and intentionally misapplied the joinder rules of the Missouri Supreme Court, in a badly veiled attempt to forum shop, not only this case, but similar solar cases, filed by their attorney in this Circuit.
>
> 9. The undersigned is requesting attorney fees and expenses not only for the conduct of the Plaintiffs and their attorney, but also for the additional and independent reason that the Defendants' Indenture of Trust provides in Article XI ¶ 1, that the Trustees shall recover their damages, attorney fees and Court Costs.
>
> . . . .

5

11. The Trustees respectfully request that, as a part of their remedial and equitable relief, the Court order the immediate removal of the installed solar panels, at the Plaintiffs' costs, with a penalty of $100.00 per day, if not removed within a date certain and documentation of such removal to the Court and the parties.

Based upon these averments, the Trustees requested that "the order of dismissal be vacated with appropriate relief that this Court deems equitable, just and proper[.]"

The circuit court held a hearing on the Trustees' motion on April 15, 2013, and on July 22, 2013, the circuit court entered its "Amended Order and Final Judgment" and denied the motion to vacate the order of voluntary dismissal. In denying the motion, the circuit court stated: "Court is without jurisdiction to issue any relief requested by [Trustees] pursuant to the voluntary dismissal on March 23, 2013." The Trustees appeal.

In their sole point on appeal, the Trustees contend that, even after Hague and Hanley voluntarily dismissed their petition for declaratory judgment, the circuit court retained jurisdiction pursuant to Rule 67.05 to rule on ancillary matters, which would include the Trustees' motion for sanctions which requested the payment of costs, attorney fees, and contract damages.

"'A voluntary dismissal is effective on the date it is filed with the court.'" *State ex rel. Frets v. Moore*, 291 S.W.3d 805, 812 (Mo. App. 2009) (citations omitted). Once a party voluntarily dismisses a case, "'it is as if the suit were never brought.'" *Id*. (citation omitted). "'The circuit court may take no further steps as to the dismissed action, and any step attempted is viewed a nullity.'" *Id*. (citation omitted). Consequently, the circuit court "loses jurisdiction to enter any subsequent orders regarding the dismissed action[, and n]o appeal can be taken from the dismissal." *Id*. "In addition, the trial court has no power to reinstate the case, even the next day upon a plaintiff's motion." *Liberman v. Liberman*, 844 S.W.2d 79, 80 (Mo. App. 1992).

6

Thus, to the extent that the Trustees asked the circuit court to vacate the voluntary dismissal by Hague and Hanley, the circuit court was correct that it had no jurisdiction to vacate the voluntary dismissal.

The Trustees, however, contend that the circuit court had the authority to rule upon the Trustees' pending motion for sanctions. Indeed, Rule 67.05 provides in part, "No dismissal, voluntary or involuntary, of a plaintiff's civil action shall operate to discontinue any ancillary matter pending before the court." The Trustees assert that their motion for sanctions was an ancillary matter that was pending with the circuit court before Hague and Hanley filed their voluntary dismissal, and, therefore, the circuit court retained jurisdiction to rule upon the motion. Prior to January 1, 1998, Rule 67.05 stated in part: "No dismissal, voluntary or involuntary, of a party's claim in which a Rule 55.03 motion for sanctions was filed prior to the dismissal shall operate to discontinue such motion for sanctions." Rule 67.05, however, was amended and seemingly broadened by giving courts the authority to deal with "ancillary matters pending before the court" even though a party's civil action was voluntarily or involuntarily dismissed. Courts, therefore, are no longer restricted to Rule 55.03 sanctions only.[3]

The amended Rule 67.05, however, did not open the floodgates for courts to consider any and all pending motions before a case was voluntarily dismissed. Indeed, the amended Rule 67.05 merely gives the court the authority to rule upon pending matters that are merely collateral or ancillary and that grow out of the existing litigation. Rule 67.05 does not require the court to entertain matters concerning the merits of the parties' underlying disputes. As discussed below,

---

[3]The Trustees are adamant that they were not seeking sanctions pursuant to Rule 55.03. Instead, they assert that they were seeking sanctions based upon the "inherent power of the court to impose sanctions for bad faith conduct." *McLean v. First Horizon Home Loan, Corp*., 369 S.W.3d 794, 801 (Mo. App. 2012).

7

because the Trustees' motion for sanctions would require the court to assess the lawfulness of the conduct of Hague and Hanley and their attorney outside of the litigation and to apply substantive legal standards beyond the procedural rules governing the lawsuit, the Trustees' motion for sanction is not an ancillary matter under Rule 67.05.

The Trustees' request for sanctions is based, in part, on Hague and Hanley's conduct within the litigation. The Trustees contend that Hague and Hanley misjoined the PSC as a party to the action, and, as a result, venue was placed in Cole County rather than St. Louis County. Because Hague and Hanley joined the PSC as a party, the Trustees contend that Hague and Hanley were "impermissibly forum shopping," that they "abused the court process," and that this was a "bad faith strategy."[4] But the Trustees' request for sanctions goes much further. It refers to attorney Jeffery's alleged pattern of improperly filing such solar-panel lawsuits in Cole County. In their motion for sanctions, the Trustees also asserted that, because Hague and Hanley had already installed the solar panels on their home without waiting for a court ruling,[5] "[t]he behavior of Mr. Jeffery and the arrogance of proceeding to install the solar panels that [were] the subject of this litigation warrant[ed] extraordinary relief to all aggrieved parties." Based upon these allegations, the Trustees, therefore, requested that:

> Plaintiffs, Hague and Hanley, and Mr. Jeffery[, Hague and Hanley's attorney], be sanctioned, by having their complaint dismissed with prejudice, with all costs taxed against them; that joint and severable judgments for damages be entered against all three in their individual capacity, as expressly permitted in the Defendant's Indentures . . ., that attorney fees be assessed against the Plaintiffs

---

[4]In regard to these claims, the Trustees do have an avenue they may pursue to recover damages if they can make a submissible case; they may initiate a civil action for abuse of process. *Lambert v. Warner*, 379 S.W.3d 849, 856 (Mo. App. 2012).

[5]In regard to this claim, if Hague's and Hanley's actions violated the home association's agreement, the Trustees may have an action against Hague and Hanley. *See e.g. Perry v. Spavale*, 828 S.W.2d 709 (Mo. App. 1992) (trustees of subdivision brought action to enjoin completion of radio transmission tower on residential lot).

8

and Mr. Jeffery, which have to date exceeded $10,000.[6]  Further extraordinary relief should be granted ordering the Plaintiffs to remove the solar panels from their home in the next ten days and failing to do so will require that they be fined for contempt of $100.00 per day, until the Plaintiff's have complied with the Court's order.

Black's Law Dictionary defines "ancillary" as "[s]upplementary" or "subordinate." Black's Law Dictionary 101 (9th ed. 2009).  As used in Rule 67.05, the matters complained of by the Trustees were not supplementary or subordinate matters but concerned matters co-extensive if not broader than Hague's and Hanley's action for declaratory judgment.  While certain of the actions of which the Trustees complained occurred in the existing lawsuit and possibly could have been the subject of a sanctions motion under Rule 55.03(d), the Trustees have repeatedly disclaimed any reliance on Rule 55.03.  Moreover, the Trustees' request for damages and attorney fees pursuant to the terms of the homeowners association's indentures goes well beyond the relief available under Rule 55.03 and would most definitely delve into the merits of the underlying dispute and require a determination whether Hague and Hanley violated the indentures.  Thus, to resolve the matter in which the Trustees request sanctions, the circuit court would have to (1) resolve whether Hague and Hanley had a protectable property right to utilize solar energy on their property, (2) determine who had the authority to interpret the PSC regulation and whether the PSC was a proper party to the action, and (3) declare whether the homeowners association's indentures conflicted with the PSC's regulation.  Such questions concern matters pertaining to the merits of the declaratory judgment action and are not ancillary matters as that term is used in Rule 67.05.

---

[6]The Trustees did not file a separate motion for attorney fees.  They merely requested that the plaintiffs be sanctioned by an award of attorney fees as authorized by the Indentures.  Moreover, in regard to costs, section 514.170, RSMo 2000, provides:  "Upon the plaintiff dismissing his suit . . . , the defendant shall recover against the plaintiff his costs[.]"  The taxing of costs by the clerk of the court and corresponding review by the circuit court are purely ministerial duties and not a sanction.  *See Fisher v. Spray Planes, Inc.*, 814 S.W.2d 628, 631 (Mo. App. 1991).

In fact, the Trustees' motion for sanction is more in the nature of a counterclaim. "The legal character of a pleading is determined by its subject matter and not its designation to the extent that courts ignore the denomination of a pleading and look to its substance to determine its nature." *Weber v. Weber*, 908 S.W.2d 356, 359 (Mo. banc 1995). The Trustees could have filed a counterclaim to Hague and Hanley's petition for declaratory judgment action, but they elected not to do so. Had they filed a counterclaim pursuant to the Missouri Rules of Civil Procedure, their counterclaim would have remained even after Hague and Hanley voluntarily dismissed their declaratory judgment action. Rule 67.05 provides, in part: "No dismissal, voluntary or involuntary, of a plaintiff's civil action shall operate to dismiss a previously filed counterclaim or cross-claim."

The circuit court, therefore, did not err in concluding that, once Hague and Hanley voluntarily dismissed their petition for declaratory relief, it did not have jurisdiction to issue any relief requested by the Trustees. We affirm the circuit court's judgment.[7]

/s/JAMES EDWARD WELSH
James Edward Welsh, Chief Judge

All Concur.

---

[7]The Trustees also filed a motion for attorney fees with this court pursuant to Western District Special Rule XXIX. Special Rule XXIX provides, in pertinent part, that "[a]ny party claiming an amount due for attorney's fees on appeal pursuant to contract, statute or otherwise and which this Court has jurisdiction to consider, must file a separate written motion before submission of the cause." The Trustees contend that, pursuant to the homeowners association's Indenture of Trust and Restrictions of the Highlands of Chesterfield, they are entitled to recover reasonable attorney fees. In particular, Article XI, paragraph 1, of the Indenture says, "Enforcement of any of these covenants shall be by proceedings at law or in equity against any person or persons violating or attempting to violate any such covenants and may be brought to restrain any such violation and/or to recover damages therefor together with reasonable attorney's fees and courts costs." This case involved a declaratory judgment action not an action brought by the Trustees to enforce the covenants of the homeowners association. Moreover, a prerequisite to awarding attorney fees to the Trustees under this provision is a determination that Hague and Hanley violated the covenants of the Indenture of Trust and Restrictions of the Highlands of Chesterfield. No such determination has been made in this case, as the case was an action for declaratory judgment and the case was voluntarily dismissed. As such, this court has no basis on which to award the Trustees attorney fees. We, therefore, deny the Trustees' motion for attorney fees. *See Shirley's Realty, Inc. v. Hunt*, 160 S.W.3d 804, 809 (Mo. App. 2005).

10