SUPREME COURT OF MISSOURI
 en banc
 IN THE INTEREST OF: J.T.J., ) Opinion issued December 21, 2021
 ) No. SC99037
 Appellant. )

 APPEAL FROM THE CIRCUIT COURT OF ST. LOUIS COUNTY
 The Honorable Sandra Farragut-Hemphill, Judge

 J.T.J. appeals from the family court division’s 1 order for certification, which

released and discharged him from the jurisdiction of the family court and allowed his case

to be transferred to a court of general jurisdiction for trial as an adult. Requesting plain

error review, J.T.J. argues that, because the allegations resulting in his certification were

contained in a filing denominated a “motion to modify” as opposed to a “petition,” the

transfer of jurisdiction resulted in manifest injustice. Although section 211.071 2 and Rule

129, the statute and corresponding rule governing the procedure for certification, reference

a “petition,” J.T.J. was not prejudiced by the label of the filing in his case. This Court

affirms the judgment.

1
 The “family court” in St. Louis County is designated as a division pursuant to section
487.010.1. The family court has exclusive original jurisdiction to hear and determine
juvenile proceedings and all actions as provided for in chapter 211, the chapter governing
juvenile courts. Section 487.080(4).
2
 All statutory references are to RSMo 2016, unless otherwise noted.
 Background

 In May 2018, the St. Louis County juvenile officer filed a petition in the family

court alleging J.T.J., then 13 years old, committed second-degree burglary, first-degree

property damage, and misdemeanor stealing. An amendment to the petition added two

counts of being habitually absent from his home. Following an adjudication and

dispositional hearing in June 2018, the family court took jurisdiction over J.T.J., placed

him in the physical custody of his mother under the supervision of the juvenile officer, and

referred him to several court programs. The family court continued jurisdiction at two

subsequent review hearings.

 In March 2019, the juvenile officer filed a motion, captioned “MOTION WITH

HEARING TO MODIFY PREVIOUS ORDER OF DISPOSITION,” seeking modification

of the prior dispositional order due to new allegations that J.T.J. committed the offenses of

possession of a controlled substance and unlawful use of a weapon. Prior to the hearing

on that motion, the juvenile officer filed two additional motions in April 2019. The first,

an “AMENDMENT TO MOTION TO MODIFY,” alleged J.T.J. committed second-degree

tampering. The second, “SECOND AMENDMENT TO MOTION TO MODIFY,” alleged

three counts: first-degree murder; second-degree tampering; and resisting or interfering

with arrest. Along with that motion, the juvenile officer filed a “MOTION TO DISMISS

PETITION TO ALLOW PROSECUTION OF JUVENILE UNDER GENERAL LAW.”

This motion referenced the accompanying “SECOND AMENDMENT TO MOTION TO

MODIFY” and requested the family court conduct a hearing to inquire into whether J.T.J.

was a proper subject to be dealt with under the provisions of the juvenile code. In May

 2
2019, the juvenile officer filed another amended motion, “AMENDED MOTION TO

DISMISS MOTION TO MODIFY AND SECOND AMENDMENT TO MOTION TO

MODIFY PETITION TO ALLOW PROSECUTION OF JUVENILE UNDER GENERAL

LAW.” The only substantive change from the prior motion to dismiss to allow prosecution

under general law was that the allegations of possession of a controlled substance and

unlawful use of a weapon, which were contained in the original motion to modify, were

included along with the allegation of first-degree murder. A certification hearing was

scheduled for July 2019, but the hearing was continued repeatedly.

 In February 2020, the family court conducted the certification hearing. J.T.J. did

not object to the family court’s authority to proceed with the certification hearing. Through

the testimony of the deputy juvenile officer, the written certification report detailing the

investigation conducted regarding J.T.J. was admitted. The final recommendation was that

the court sustain the motion to dismiss to allow J.T.J. to be prosecuted under the general

law. The deputy juvenile officer testified the alleged offenses were serious in nature and

were part of a repetitive pattern of offenses. J.T.J.’s age, sophistication, and maturity were

considered in the process of making the recommendation. The deputy juvenile officer

opined that the programs and facilities available to the family court were not appropriate

for J.T.J. J.T.J.’s attorney cross-examined the deputy juvenile officer; no evidence was

presented on J.T.J.’s behalf.

 The family court ordered J.T.J. transferred to the court of general jurisdiction. Its

order indicated the certification hearing was called pursuant to section 211.071 and

 3
specified the factors under that statute supporting why J.T.J. was not a proper subject to be

dealt with under the provisions of the juvenile code. 3

 J.T.J. appeals. 4

 Standard of Review

 “A judgment dismissing a juvenile from the juvenile division’s jurisdiction is final

and appealable.” D.E.G. v. Juv. Officer of Jackson Cnty., 601 S.W.3d 212, 218 (Mo. banc

2020). This Court reviews de novo the interpretation of Missouri statutes and rules of the

Supreme Court of Missouri. McGuire v. Kenoma, LLC, 447 S.W.3d 659, 662 (Mo. banc

2014). The issue in this case – whether transfer of a juvenile to a court of general

jurisdiction can be based upon a motion to modify a prior disposition made after the family

court has asserted exclusive jurisdiction – is purely legal.

 Analysis

 In a single point, J.T.J. argues the family court erred in entering its certification

order because neither section 211.071 nor Rule 129 permit the transfer of jurisdiction of a

juvenile to allow prosecution under the general law upon the filing of a motion to modify.

The juvenile officer argues this was a proper use of a motion to modify and that J.T.J. was

not prejudiced.

 Section 211.071.1 provides, in relevant part:

 If a petition alleges that a child between the ages of twelve and seventeen has
 committed an offense which would be considered a felony if committed by

3
 Section 211.071.6 contains 10 mandatory factors the court must consider in determining
whether certification is appropriate.
4
 After an opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V,
sec. 10.
 4
 an adult, the court may, upon its own motion or upon motion by the juvenile
 officer, the child or the child’s custodian, order a hearing and may, in its
 discretion, dismiss the petition and such child may be transferred to the court
 of general jurisdiction and prosecuted under the general law; except that if a
 petition alleges that any child has committed an offense which would be
 considered first degree murder under section 565.020 … the court shall order
 a hearing, and may in its discretion, dismiss the petition and transfer the child
 to a court of general jurisdiction for prosecution under the general law.

(Emphasis added). Likewise, Rule 129 repeatedly references the term “petition.” See, e.g.,

Rule 129.01 (“When a petition alleges that a juvenile has committed an act for which the

juvenile may be transferred to a court of general jurisdiction to be prosecuted under general

law, the court, at any time prior to commencement of the hearing on the petition, shall,

when required by law, and may, upon its own motion or upon motion by the juvenile

officer, the juvenile or the juvenile’s parent, guardian or custodian, order that a hearing be

held to determine in the discretion of the court whether the juvenile is a proper subject to

be dealt with under the juvenile code.” (emphasis added)).

 Rule 113.01 sets forth the style and content of the petition in juvenile proceedings.

The rule generally follows section 211.091. Rule 113.01b, which addresses the content of

the petition, states:

 The petition may be filed upon information and belief and shall set forth
 plainly, concisely, and with reasonable particularity:
 (1) the full name, birth date, and residence of the juvenile in whose interest
 the petition is filed;
 (2) the name and residence of:
 (A) the juvenile’s parents;
 (B) the juvenile’s legal guardian, if there is one;
 (C) any person or agency with custody of the juvenile;
 (D) the juvenile’s nearest known relative, if no parent or guardian can be
 found; and
 (E) the juvenile’s spouse, if there is one;

 5
 (3) the facts that bring the juvenile within the jurisdiction of the court,
 including the date, place and manner of the acts alleged, and the law or
 standard of conduct, if any, allegedly violated by the acts; and
 (4) any other pertinent data or information.

The original petition, filed in May 2018, contained each of these required elements.

Pursuant to section 211.031.1(3), the family court was to have exclusive original

jurisdiction over J.T.J. based on that initial petition. This petition was adjudicated in June

2018. 5 Under section 211.181.3, the family court appropriately took jurisdiction over J.T.J.

Once the family court entered its disposition, it could modify its decree on its own motion

or a party can “petition the court for a modification of the order of custody.” Section

211.251.2.

 Following the family court taking jurisdiction over the juvenile, neither a rule nor

statute provides a straightforward method of adding additional offenses the juvenile may

have committed that could or would necessitate a certification hearing. On the one hand,

filing a new petition would be a redundant undertaking when the family court already has

jurisdiction over the juvenile. On the other hand, section 211.071 and Rule 129 revolve

around a “petition,” not any other filing. Elsewhere in the context of juvenile proceedings,

statutes and rules explicitly refer to both a petition and, separately, a motion to modify.

See, e.g., section 211.061.3(2) (“An order to continue the child in detention shall only be

entered upon the filing of a petition or motion to modify ….”); Rule 115.02c (“The court

shall appoint counsel upon request for a juvenile prior to the filing of a petition or motion

5
 The commissioner’s findings and recommendations were adopted and confirmed as a
judgment in July 2018. See section 487.030.
 6
to modify under subdivision (2) or (3) of subsection 1 of section 211.031 ….”).

Certification upon a motion to modify is not directly contemplated by the statutes or rules,

which do not address motions to modify in the context of certification. 6

 Although the plain language of section 211.071 and Rule 129 state that a “petition”

is required, J.T.J. did not object to the certification hearing premised on a motion to modify.

As J.T.J. admits, the failure to object results in review only for plain error. “Plain errors

affecting substantial rights may be considered on appeal, in the discretion of the court,

though not raised or preserved, when the court finds that manifest injustice or miscarriage

of justice has resulted therefrom.” Rule 84.13(c). Regardless of whether plain error existed

in proceeding with certification based on a filing with a different label than specified under

the rule or statute, 7 relief under plain error review would require J.T.J. to “go beyond a

mere showing of demonstrable prejudice to show manifest prejudice affecting his

6
 Prior cases have recognized, in practice,
 that now motions to modify are used to do far more than merely modify the
 disposition made on the juvenile’s original adjudication of guilt in the case
 which initially brought the juvenile within the juvenile court’s jurisdiction.
 Now, motions to modify are often also used to provide a forum for an
 adjudication of the juvenile’s guilt of additional crimes occurring while the
 juvenile was under the court’s jurisdiction.
C.L.B. v. Juv. Officer, 22 S.W.3d 233, 239 (Mo. App. 2000); see also B.O. v. Juv. Off., 595
S.W.3d 506, 512-13 (Mo. App. 2020). These cases do not address certification.
7
 The designation of a filing does not control its legal character. See, e.g., Labrayere v.
Bohr Farms, LLC, 458 S.W.3d 319, 334-35 (Mo. banc 2015) (“The nature of an alleged
cause of action is based on the substance of the pleading, not the title.”); Weber v. Weber,
908 S.W.2d 356, 359 (Mo. banc 1995) (“The legal character of a pleading is determined
by its subject matter and not its designation to the extent that courts ignore the
denomination of a pleading and look to its substance to determine its nature.”); J. R.
Watkins Co. v. Hubbard, 343 S.W.2d 189, 195 (Mo. App. 1961) (“The legal character of a
pleading is determined by its subject matter and not its designation.”).
 7
substantial rights.” State v. Johnson, 524 S.W.3d 505, 513 (Mo. banc 2017) (quoting State

v. Winfield, 5 S.W.3d 505, 516 (Mo. banc 1999)).

 Given the family court’s continuing jurisdiction over J.T.J., the only relevant

information to be gleaned from filing a new petition would have been the new allegations.

In that regard, to bring the juvenile under the jurisdiction of the family court,

Rule 113.01b(3) merely demands a basic summary of “the date, place and manner of the

acts alleged, and the law or standard of conduct, if any, allegedly violated by the acts.” The

juvenile officer’s motions to modify accomplished this. 8 Because the family court already

had jurisdiction, it would be illogical to require any information beyond this to allege an

additional offense. Although J.T.J.’s counsel argued before this Court that a petition would

require more specific facts than those contained in the motions presented to the family

court, such argument is not supported by the applicable law. 9

 The label of the filing did not deprive J.T.J. of the protections afforded by the

certification procedure in section 211.071 or Rule 129. J.T.J. received notice that a

certification hearing would be held based on the amended motion to dismiss. See section

211.071.4; Rule 129.02. J.T.J. was represented by counsel. See section 211.071.7(2); Rule

8
 Regarding the first-degree murder allegation, for example, the motion stated:
 Said juvenile, contrary to Section 565.020.1 RSMo., did commit the class A
 felony of murder in the first degree in that on or about April 21, 2019, in
 St. Louis County, Missouri, said juvenile, acting with others, after
 deliberation, knowingly caused the death of [Victim] by shooting him in the
 chest with a glock semiautomatic pistol.
9
 The comment to Rule 113.01 requires that, in alleging a violation of section 211.031.1(3),
the alleged offense is to be stated substantially in the form of the Missouri Approved
Charges-Criminal. As set forth in the prior footnote, the allegation here complied with the
requirement.
 8
129.04a. The allegations in the motion were specific to allow J.T.J. to prepare. See Rule

113.01b (requiring, for a petition, that “the date, place and manner of the acts alleged, and

the law … allegedly violated by the acts” be “set forth plainly, concisely, and with

reasonable particularity”). The hearing was held in the presence of J.T.J. and J.T.J.’s

counsel. See section 211.071.7(3). The court received testimony, in a hearing on the

record, about whether J.T.J. was a proper subject to be dealt with under the juvenile code.

See Rule 129.04b. His counsel cross-examined the deputy juvenile officer during her

testimony. See id. J.T.J. was permitted to offer evidence, although he did not, and his

counsel argued on his behalf against certification. See id. The court was provided with a

written report pursuant to section 211.071.6, the section discussing criteria that must be

considered by the court in determining whether the child is a proper subject to be dealt with

under the provisions of the juvenile code. See also Rule 129.03. The certification order

noted the factors discussed in that section—factors that were argued at the certification

hearing. See section 211.071.7(4); Rule 129.04c, d. Notably, the allegation of first-degree

murder weighed on several factors to be considered. See section 211.071.6(1)-(3).

Although the filing with the new allegations may have been labeled as a motion to modify

rather than a petition, nothing about the certification procedure, hearing, or judgment was

affected by the title of the filing. 10 Because J.T.J. fails to demonstrate prejudice, relief

under plain error review is unavailable.

10
 J.T.J. contends a motion to modify does not permit change of judicial officer as of right
under Rule 121.02, whereas filing a new petition would. J.T.J. did not attempt to request
a different judicial officer, and he was not prejudiced by the existence of this rule. Rule
121.02h states, “A change of judicial officer under this Rule 121.02 shall not be permitted
 9
 Conclusion

 J.T.J. was not prejudiced by the label of the filing in his case, so relief under plain

error review cannot be granted. The judgment certifying J.T.J. to the court of general

jurisdiction is affirmed.

 ______________________________
 Robin Ransom, Judge

All concur.

in connection with … a motion to modify a prior order of disposition under chapter 211 …
unless the designated judicial officer is not the judicial officer who conducted the hearing
on the petition.” (Emphasis added). The judicial officer who conducted the hearing on
J.T.J.’s petition was Commissioner Cunningham. The judicial officer in connection with
the motion to modify was Judge Farragut-Hemphill. The proscription on a change of
judicial officer for the motion to modify was not applicable under the circumstances.
 10